No. 13,014.

## WOOD ET AL. *v.* ROBERTSON ET AL.

WILL.—*Construction.—Life- Estate.—Power of Disposition.— Vested Remainder.—Taking Per Stirpes.* —A testator devised all his property to his wife for life, directing that at her death what remained of his estate, in her hands, should be equally divided among his children then living and the descendants of such as might be dead, share and share alike, taking into consideration all advancements, whether made by himself or wife. If it should be necessary in order to pay debts or to make advancements, the wife, who was named as executrix, was empowered to sell all or any part of the property, upon such terms as she should think proper.

*Held,* that the will devises to the wife an estate for life, with a specific power of disposition, and gives to the testator's children living at her death, and the descendants of such as were then dead, a vested remainder, and that the latter take *per stirpes* and not *per capita.*

From the Monroe Circuit Court.

*J. P. Baker, J. W. Buskirk* and *H. C. Duncan,* for appellants.

*W. P. Rogers* and *J. E. Henley,* for appellees.

ELLIOTT, J.—The provisions of the will over which this controversy is waged are these : " I give and devise to my beloved wife the farm on which I now reside, as well as all my other real estate of which I may die legally possessed ; also, all the personal property of whatever description of which I may die the owner, to have and to hold during her natural life ; and at her death it is my will that whatever remains of my estate, whether real or personal property, in the hands of my wife, shall be equally divided among my children then living and the descendants of such as may be dead, share and share alike, taking into consideration all advancements which may have been made either by myself or my wife. I do hereby nominate and appoint my beloved wife executrix of this, my last will and testament. I authorize and empower her, if it shall be necessary in order to pay my debts or to make ad-

vancements to my children, to sell by private sale, or in such manner and upon such terms of credit as she may think proper, all or any part of my real estate or personal property, or both, and deed to purchasers to execute, acknowledge and deliver in fee simple."

The testator intended by this will to devise to his wife an estate for life, and to give his children living at her death, and the descendants of such as were then dead, a vested remainder.

It is true, the testator added to the life-estate a power of disposition, but this does not change the effect of the will upon property remaining in the possession of the widow at the time of her death. There is not here, as in *Van Gorder* v. *Smith*, 99 Ind. 404, an absolute power of disposition ; on the contrary, the power is limited to a designated purpose. The clear implication is, that the unconsumed property vests in the children living at the time of the widow's death, and the descendants of those that were then dead. *Goudie* v. *Johnston*, 109 Ind. 427; *Giles* v. *Little*, 104 U. S. 291; *Green* v. *Hewitt*, 97 Ill. 113 (37 Am. R. 102).

If this conclusion be not correct, then all the provisions of the will concerning advancements, as well as the clear provision directing what disposition shall be made of property in the hands of the widow at the time of her death, must be thrust aside as meaningless. But these provisions are not without meaning, and were not idly written in the will, nor were they employed by mistake, and they can not, therefore, be disregarded. *Shimer* v. *Mann*, 99 Ind. 190 (50 Am. R. 82).

If the widow took the entire estate, then there would be no force in the provision respecting the disposition of the property in her hands at her death, so that the only reasonable conclusion is that she took a life-estate, with power of disposition, for the specific purpose of paying debts and making advancements. If this was her whole estate and interest, then, of necessity, the remainder must go, as the will directs,

to the living children and the descendants of the dead. The nature of the remainder is, therefore, not affected by the power of disposition given the life tenant, although the exercise of the power might change the property in which the remainder would vest. The power conferred · on the life tenant does not change the character of the estate in expectancy, for that, as created by the will, is beyond the power of the tenant. Although it may have been within her power to change the · property upon which the will must operate, she could not change the estate of the remainder-men. Whatever property was in the widow's possession at the time of her death the will fastened on, and the estate in expectancy became one in possession to the full extent declared in the will. The power of disposition can not, we conclude, be construed to change the legal nature of the estate in expectancy, which came into existence with the particular ̇ estate when the will spoke, as it did, at the time of the testator's death, from a vested to a contingent remainder.

Our reason for asserting that the estate in expectancy is a vested and not a contingent remainder is, that there was no uncertainty as to the taking effect of the estate, although there was as to the time it would take effect. As Judge SHARSWOOD says: " It is the uncertainty of the right which renders a remainder contingent, not the uncertainty of its enjoyment." There is here no uncertainty as to the event on which the particular estate must determine, for, as Preston says, it is morally certain the life tenant must die, so that if there is any uncertainty it must be as to the persons to whom the remainder is devised. 4 Kent Com. (12th ed.) 203, note. But we think that, construing all the provisions of the will together, it must be held that the remainder was intended to be in the nature of a vested one. If this be not correct, then a great part of the will must be disregarded, and great injustice result, for, as the widow is authorized to make advancements out of the estate, the persons to whom she must make them are necessarily designated. If she does

make these advancements, then, of course, they necessarily lessen to that extent the interest of the heir to whom they are made. Suppose that the whole of the property at the death of the widow should be $5,000, that there were four children and five grandchildren, and that to the father of the grandchildren the widow had advanced $1,000, can it be possible that the grandchildren could still claim an equal share with the surviving children? It seems clear to us that such a result was not intended by the testator, yet it would follow if appellants' counsel are right. We think that, under the peculiar provisions of this will, it must be held that the testator meant to vest an estate in the surviving children and such descendants of the dead as the law made heirs. It is, as is well known, the intention of the testator that must prevail, and we regard the intention expressed in this will as clear and reasonably free from doubt. It is not difficult to give that intention effect, for all that need be done is to hold that the widow is a life tenant, with a specific power of disposition, and that, on the termination of the particular estate, the children and grandchildren took as the law provides. If this be not true, then, if there were four children and ten grandchildren, the ten grandchildren, although all the children of one child of the testator, would take more than twice as much as the four children. Nor is this all, for this result would follow even though the widow, under the will, had advanced to the father of the ten children the full amount of his interest in the estate. If the will is to be regarded as one creating title by devise and investing the devisees with title as purchasers and not by descent, we think it ought to be construed as vesting a remainder in the children living at the time of the mother's death and the descendants of those who were dead. This will carry into effect the evident purpose of the testator, and give just effect to all the provisions of the will. Nor does it violate any legal rule, for the rule for determining what are vested and

what are contingent remainders is not a rule of property in the same sense that the rule in Shelley's case is.

We are by no means clear that the heirs take by purchase and not by descent, for, eliminating the provisions as to the life-estate of the widow, the evident intention was to create just such an estate as the law would cast by descent upon the children and grandchildren. If this be so, then the case is brought directly within the well reasoned cases of *Davidson* v. *Koehler,* 76 Ind. 398, *Stilwell* v. *Knapper,* 69 Ind. 558 (35 Am. R. 240) and *Davidson* v. *Bates,* 111 Ind. 391. But however this may be, we deem it clear that the intention of the testator was to give his children and their descendants or heirs the same estate as the law would give them, that is, that the children living should share alike, and the children or descendants of the dead should take the share that would have fallen to the father or ancestor had he been living. To put our conclusion in more technical terms, we decide that the beneficiaries of the testator's bounty take *per stirpes* and not *per capita.*

Judgment affirmed.

