No. 16,155.

## BOLING, BY NEXT FRIEND, *v.* MILLER ET AL.

WILL.—*Construction of.*— *Vested Estates.*—*Contingent Remainders not Favored.* —*Decedent's Estate.*—The law favors vested estates, and remainders will never be held to be contingent when they can, consistently with the intention of the testator, be held to be vested. The prime object in the construction of a will is to arrive at the intention of the testator.

SAME.—*Devise in Fee Simple.*—*Conditional Vesting of.*—*Divesting Devisee and Vesting Same in Others by Will.*—Land may be devised to a person in fee, to be divested on the failure of certain conditions, and then to vest in other persons.

SAME.— *Vested Estates.*—*Conditional Vesting of Estate.*—*Contingent Remainder.* —A. devised all of his estate to his wife during her lifetime, and directed that at her death it be divided equally among his two children and a grandson, the devise to the grandson being upon the condition that he attain the age of twenty-one years; should the grandson die without issue, his share to be equally divided between his two children before mentioned, or their descendants according to law..

*Held,* that, as the law favors vested estates, the fee to one-third of the estate, upon the death of the testator, vested in the grandson, regardless of his age, subject to be divested in case he did not attain the age of twenty-one years, and that, should he die without issue, his share should go equally to the other two children, or to their descendants according to law.

From the Rush Circuit Court.

*D. S. Morgan* and *D. Morris,* for appellant.

*B. L. Smith* and *C. Cambern,* for appellees.

OLDS, J.—The controversy in this case grows out of the construction to be given to the 4th item of the will of Clemuel Boling, deceased. The item reads as follows :

" I further will and direct that at the death of my wife the whole of my estate be divided into three equal shares, and I give and devise one of such shares to my son, George L. Boling, and one share to my daughter Sarah M. Morris, and one share to my grandson Clemuel N. Boling pro- vided he attains the age of twenty-one years. Should my

grandson die without issue, then I will and direct that the share he would have received shall be divided equally between George and Sarah, and if either be dead, to go to their descendants according to the laws of descent."

By item three of the will, the testator left all of his estate, real and personal, to his widow during her widowhood.

The testator Clemuel Boling died October 3, 1883, and his widow died on the 9th day of April, 1888. And after the death of the widow, the grandson Clemuel N. Boling, then about 15 years of age, by his next friend, brought this suit for the partition of the land, and to have his portion set off to him, alleging title through the will. The complaint is in two paragraphs, each setting out a copy of the will, the first paragraph alleging that said Clemuel N. is the owner of the undivided one-third in fee, and the other alleges the facts, and states, as a conclusion, that he is the owner of the undivided one-third, and asks that it be set off to him.

Demurrers were filed to each paragraph of the complaint and sustained, and these rulings are assigned as error.

The contention of the appellant is that, upon the death of the testator, there became vested in the said Clemuel N. Boling, subject only to the life estate or widowhood interest of the surviving wife of the testator, the fee simple title in one-third of the land, subject to the condition subsequent, that should the appellant die before arriving at the age of 21 years, then the title to said one-third to divest according to the subsequent clause in the will, and that upon the death of the widow, he became entitled to the possession of said interest. While, upon behalf of the appellees, it is contended that the devise to the appellant, Clemuel N., did not vest the title in him until he should arrive at the age of twenty-one years, and as the complaint

showed he was under that age, he had no right of action, and the court accepted this theory.

It is a well settled rule that the law favors vested estates, and that remainders will never be held to be contingent when they can be held to be vested consistently with the apparent intention of the testator. *Davidson* v. *Bates*, 111 Ind. 391; *Harris* v. *Carpenter*, 109 Ind. 540; *Davidson* v. *Koehler*, 76 Ind. 398; *Curry* v. *Bratney*, 29 Ind. 195.

' The prime object in the construction of a will is to arrive at the intention of the testator. *Daugherty, Admr.*, v. *Rogers*, 119 Ind. 254; *Henry* v. *Thomas, Exec.*, 118 Ind. 23.

In *Cate* v. *Cranor, Exec.*, 30 Ind. 292, it is said: "Any construction of a will which will result in partial intestacy is to be avoided, unless the language of the will compels it; for the very fact of making a will is strong evidence of the testator's purpose to dispose of his whole estate." 2 Redfield on Wills, 442.

Under the law of this State, land may be devised to a person in fee, to be divested on the failure of certain conditions, and to then vest in other persons. *Pate* v. *French*, 122 Ind. 10; *Clark* v. *Barton*, 51 Ind. 165; *Jones* v. *Miller*, 13 Ind. 337.

In the case at bar the appellant Boling is a grandson of the testator; the other devisees under the will would not take the land as against the appellant by descent, and by the provisions of the will the only contingency by which the son and daughter were to take the third of the estate set apart to the grandson was in the event he died without issue, so that by the will they take no interest in the real estate, nor are they given any right of possession except the appellant die without issue.

The language of the will would, it seems to us, fairly import that it was the intention of the testator that his grandson should take the same interest in the estate as would the son or the daughter, subject, however, to being divested on his failure to arrive at the age of twenty-one

years, or to have issue. Any other construction would leave the undivided one-third of the estate undisposed of until the grandson arrived at the age of twenty-one years. The fee vested somewhere and in some person from the date of the death of the testator until the minor arrived at the age of twenty-one years. In our opinion, under the well settled rules which we have stated, the fee vested in the grandson Clemuel N. Boling, at the death of the testator, subject to be divested in case he did not live until he was twenty-one years of age, and to vest in the son and daughter, or their heirs, in case the said Clemuel N. died without issue. The fee vesting in Clemuel N., he was entitled to the possession on the death of the widow. The possession would follow the fee, there being no other disposition of it by the will.

Each of the paragraphs of the complaint was sufficient, and the court erred in sustaining the demurrers thereto.

Judgment reversed, with instructions to overrule the demurrer to each paragraph of the complaint.

Filed February 17, 1893.