Corey, Executor, *v.* Springer *et al.*

No. 16,987.

### Corey, Executor, *v.* Springer et al.

Will.—*Construction of.—Real Estate.—Expectancy.—Conditional Fee. —Defeasible Interest.*—S. died testate in 1871, leaving his widow, a son and two daughters as his only heirs at law. The will provided as follows: "*Item third.*—It is my will, after the payments aforesaid are made, and after expenses of administration are all paid, that my wife, * * if she shall survive me, and remain my widow, shall have the use of all the remainder of my estate, both real and personal, during her lifetime, * * to be kept and used by her during * * her natural life, if she so long remain my widow; but in case of her marriage after my deceased, this provision of my will to be void, * * and, in that case, I desire that she take out of my estate, * * only such provision as the laws of the State of Indiana make for widows at the time of my death. *Item four.*—At the death of my wife, if she shall not marry again, I bequeath all my property, share and share alike, to my children * * *. In case my wife should again marry, and so take the provision herein made for her, * * I bequeath the remainder of my estate * * to my children, * * as provided in the former part of this will."

*Held,* that the children of S. took a conditional fee in expectancy, which was to ripen into an absolute fee at the death of the widow.

*Held,* also, that the son having died prior to the widow, who is still unmarried, his estate was a defeasible one, which was thereby defeated, and there remains no interest which can be subjected to the payment of the son's debts.

Same.—*Distribution to Children at Death of Widow.*—Where there is an expressed or fairly implied intention to fix the time for distribution of the testator's estate to his children, "at the death of his widow," the law will uphold his purpose and intention.

From the Rush Circuit Court.

*O. G. Miller, W. A. Moore, J. M. Stevens, G. Sexton, J. E. Watson* and *T. J. Newkirk,* for appellant.

*W. J. Henley* and *L. D. Guffin,* for appellees.

Dailey, J.—This action involves the construction of the last will of Gabriel Springer, deceased. Said Gabriel Springer died testate in 1871, leaving as his only heirs at law, his wife Hannah Springer, his son John J.

Springer, and his two daughters Nancy J. Miller and Sarah Bromlett. John J. Springer died testate in Rush county, Indiana, on December 25, 1891, leaving neither wife nor issue surviving him. Nancy J. Miller died, leaving Oscar Miller and Roy H. Miller, her only children and heirs at law surviving. Sarah Bromlet died, leaving her children, Perry F. Bromlett, Wesley F. Bromlett and Jesse T. Bromlett, defendants herein, surviving. The widow, Hannah Springer, still survives and since the testator's death has remained unmarried. The appellant, as executor of the last will of John J. Springer, deceased, filed his petition in the Rush Circuit Court, to sell certain real estate embraced in the will of Gabriel Springer, deceased, to pay the debts of the testator, John J. Springer, to which petition the appellees are parties defendant.

The defendants, Oscar Miller and Roy H. Miller, by their guardian *ad litem*, William J. Henley, and Perry F., Wesley F., and Jesse T. Bromlett, by their guardian *ad litem*, Lot D. Guffin, have filed their answers thereto, setting up the will of said Gabriel Springer. The controversy which arises upon demurrer to the answer is, what was the nature of the estate devised by said Gabriel's will to John J. Springer, appellant's testator? The items of the will which call for construction are the third and fourth. They are as follows:

"*Item third.* It is my will, after the payments aforesaid are made, and after the expenses of administration are all paid, that my wife, Hannah Springer, if she shall survive me, and remain my widow, shall have the use of all the remainder of my estate, both real and personal, during her lifetime, and I accordingly bequeath the same to her as aforesaid, to be kept and used by her during the time of her natural life, if she so long remain my widow; but in case of her marriage after my decease,

this provision of my will to be void, and to be of no effect, and in that case, I desire that she take out of my estate, real and personal, only such provision as the laws of the State of Indiana make for widows at the time of my death.

"*Item fourth.* At the death of my wife, if she shall not marry again, I bequeath all my property, share and share alike, to my children. If any of my children shall be dead at the time of such distribution or disposition, leaving children, such children are to take the share of their deceased father or mother, as the case may be. In case my wife should again marry, and so take the provision herein made for her, in that event, under the law of Indiana, I bequeath the remainder of my estate, real and personal, to my children, and to the representatives of such as may be dead, if any, as provided in the former part of this will."

As we understand the contention, appellant insists that by the terms of the will, the widow, Hannah Springer, took an estate for life in the lands in controversy, and that a remainder in fee vested in Gabriel Springer's children, of whom John J. Springer was one; and that such remainder in fee vested absolutely and unconditionally in said John at the time of his father's death. Appellees assume, upon the contrary, viewing the matter aside from the attempted limitation concerning, or with respect to marriage, that after carving out a life estate for his widow, it was the manifest intention of the testator, by the terms of his will, to give to his children living at her death, and to the descendants of such as were then dead, a vested remainder; that the testator appointed a fixed time when the conditional fee should ripen into an absolute fee in his children; a time when the division or distribution, as he styles it, should take place, and

that time was fixed at the death of the widow. As opposed to the theory that John J. Springer took an absolute, unalterable and unconditional fee at the time of the testator's death, it is maintained by the appellee that the remainder over to him at the time of the testator's death was only in the nature of a vested remainder; that it was alterable, conditional and limited, and that the time fixed by the testator himself for its ripening into a certain and absolute fee-simple was at the event of the widow's death. In our opinion the controversy in this case does not depend upon a solution of the question, whether the remainder to the son was a vested or a contingent one. It is not contended by the appellees that the remainder to him was contingent in the technical sense of the term. The test as to whether an estate is vested or contingent is this: "The right and capacity of the remainderman to take possession of the estate, if the possession were to become vacant, and the certainty that the event; upon which the vacancy depends, must happen some time, and not the certainty that it will happen in the lifetime of the remainderman, determine whether or not the estate is vested or contingent." *Bruce* v. *Bissell*, 119 Ind. 525, on p. 530, citing *Croxall* v. *Shererd*, 5 Wall. 268; Tiedeman Real Prop., section 401. These authorities establish the doctrine that an estate in remainder is not rendered contingent by the uncertainty of the time of enjoyment. "It is the uncertainty of the right that renders an estate contingent, and not the uncertainty of the enjoyment." *Wood* v. *Robertson*, 113 Ind. 323, on p. 325. In the construction of wills, it is a familiar rule that the intention of the testator must prevail. *Wood* v. *Robertson, supra,* on p. 326. The fundamental rule in the construction of wills is, that the intention of the testator, if not inconsistent with some established rule of law, must control.

*Jackson* v. *Hoover*, 26 Ind. 511; *Butler, Guar.*, v. *Moore, Exr.*, 94 Ind. 359; *Nading* v. *Elliott*, 137 Ind. 261.

Courts, in giving an interpretation to a will, may place themselves in the situation of the testator, examine the surroundings, and then, from the language used, arrive at his intention. *Jackson* v. *Hoover*, *supra; Price* v. *Price*, 89 Ind 90.

In the light of these rules it is proper to consider the language employed by the testator, and ascertain its force and significance. Aside from the provisions made in the event of the widow's marriage, the third item of the will devises an estate for life to his widow. The fourth item then reads: "At the death of my wife I bequeath all my property, share and share alike, to my children. If any of my children shall be dead at the time of such distribution or disposition, leaving children, such children are to take the share of their deceased father or mother, as the case may be."

Here the testator, in language clear and unmistakable as could be employed, fixes the time for "such distribution" or final disposition to occur, viz., "at the death of his widow." Until this event shall happen, he holds the fee conditional and in abeyance, subject to alteration, and only to ripen and fasten absolutely in his children surviving at the death of his unmarried widow. Appellant's counsel state the rule correctly, that "the law favors vested estates, and remainders will never be held to be contingent when they can consistently, with the intention of the testator, be held to be vested. Words of survivorship, generally, in the absence of an expressed or implied intention to the contrary, are construed to refer to the testator's death. *Boling* v. *Miller*, 133 Ind. 602; *Davidson* v. *Bates*, 111 Ind. 391; *Harris* v. *Carpenter*, 109 Ind. 540; *Davidson* v. *Koehler*, 76 Ind. 398; *Bruce* v. *Bissell*, *supra*.

But the converse is true, that where there is an expressed or fairly implied intention to the contrary, the law will carry into effect the evident purpose of the testator. And where the testator fixes the time, by expressed or fairly implied intention, for the distribution of his estate to his children, at the death of his widow, the law will uphold his purpose and intention. *Wood* v. *Robertson, supra.*

A conditional fee may be created by will as well as by a deed. It is by no means uncommon to affix conditions to a devise, and a less estate may be granted to continue until the happening of a prescribed event, then to enlarge into an absolute fee. *Shimer* v. *Mann,* 99 Ind. 190 (198).

It is evident, in this case, that John J. Springer, by the terms of the will, took a conditional fee; that his estate in expectancy was to enlarge and ripen into an absolute fee at the death of the widow; that he having died prior to that event his estate was a defeasible one, which has been defeated, and there remains no interest which the appellant, as executor, can seize upon or sell by the order of the court to pay his debts. A will ought to be so construed as to give effect to all its provisions, and make it a harmonious whole. *Jackson* v. *Hoover, supra; Cooper* v. *Hayes,* 96 Ind. 386; *Wood* v. *Robertson, supra,* on p. 326; *Nading* v. *Elliott, supra; Brumfield* v. *Drook,* 101 Ind. 190.

In this controversy between the parties, it is the contention of the appellant's counsel, in their reply brief, that the will must stand as if there was no provision with reference to the widow; that those provisions are in restraint of marriage, and void under section 2567, R. S. 1881; Burns Rev. 1894, section 2737.

As the widow, Hannah Springer, is still living and unmarried, and John J. Springer departed this life with-

out issue, no question is presented for our consideration as to whether the devise and bequest contained in the will concerning the widow's interest, if she should marry, are limitations of the estate merely, or conditions in restraint of marriage within the meaning of the statute. If the question were before us it would be easy of solution. In 4 Kent's Com., 126, the distinction is defined between words of limitation and words of condition, as follows: "Words of *limitation* mark the period which is to determine the estate; but words of *condition* render the estate liable to be defeated in the intermediate time, if the event expressed in the condition arises before the determination of the estate, or completion of the period described by the limitation. The one specifies the utmost time of continuance, and the other marks some event, which, if it takes place in the course of that time, will defeat the estate." We find no error in the record.

Filed April 25, 1894; petition for a rehearing overruled Sept. 21, '94.