No. 17,213.

### TINDALL ET AL. *v.* MILLER ET AL.

WILL.—*Devise.*—*Life Estate.*—*Remainder, When Vests.*—*Real Estate.* —A devise to the testator's wife for life, and at her death to a specified daughter if she still survive, and otherwise to the heirs of the latter, vests the remainder in such daughter at the death of the testator.

From the Fayette Circuit Court.

*D. W. McKee, J. I. Little, H. L. Frost* and *A. V. Brown*, for appellants.

*R. Conner* and *J. M. McIntosh*, for appellees.

HOWARD, C. J.—By his last will Luther Hutchinson divided his property between his wife, Sarah Hutchinson, and his daughter, Julia Elliott. The real estate here in controversy was devised as follows:

"Third. I give and bequeath to my beloved wife, Sarah, the east half of my present dwelling house and

lot (describing the property) so long as she may live. She shall have the exclusive use and profits of said property, with the appurtenances thereto belonging, and at the death of my said wife the above described property shall pass absolute to my daughter Julia, if she still survive. If she shall be deceased, it is my desire that the property do pass to her heirs."

Both devisees survived the testator, but each died before the bringing of this suit, the daughter dying before her mother.

After the death of the testator, the devisees, Julia and Sarah, apparently in the belief that they were the sole owners of the property so devised, sold and conveyed the same by deed duly executed.

The appellees claim under the deed so made. The appellants, who are the sole heirs of Julia Elliott, claim that the devise to her was of a contingent remainder, to vest only on the death of her mother Sarah; that as Julia died before Sarah, Julia's title never vested and her deed was void; and that on the death of Sarah the title to said real estate, by the terms of item third of the will, at once vested in appellants as the heirs of Julia Elliott.

Seeking the intention of Luther Hutchinson from the words of his will, it would seem that he meant to devise the property in question to his wife for life; remainder to his daughter or her heirs.

The fourth item of the will appears to bear out this view. In that item the testator provides that the residue of his property be converted into money, and the proceeds "be divided equal between my wife as my widow one-half, and my daughter Julia, or her heirs, the other half." In both items his daughter and her heirs seem to have been present to the mind of the testator.

If, then, we regard the rule that the intention of the testator must be our chief guide in the interpretation of a will, and also that all the words of a will should be given a meaning when possible; and if we also remem-. ber that the law favors vested rather than contingent titles, we can hardly have any difficulty in arriving at the conclusion that the devise here in dispute was of a vested remainder to Julia Elliott, the enjoyment of which was postponed to her or to her heirs until the death of her mother, the life tenant.

"We affirm as an established principle," said this court in *Amos* v. *Amos*, 117 Ind. 37, "that the law not only favors the vesting of remainders, but it also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of that estate." See also *Davidson* v. *Bates*, 111 Ind. 391, and cases cited; *Doren* v. *Gillum*, 136 Ind. 134; *Chambers* v. *Chambers*, 139 Ind. 111. In *Harris* v. *Carpenter*, 109 Ind. 540, the devise was quite similar to that in the case at bar; and the remainder was there held to be vested.

The cases cited by appellants' counsel are not, as we think, in conflict with the foregoing authorities.

We do not question that if the fair meaning of a will fixes upon a definite future event as determining the time when title shall pass, then a remainder so devised will be conditional upon the happening of such event. The intention of the testator, however, to so devise his property must be clear. Such intent was manifest in the devise in *Wood* v. *Robertson*, 113 Ind. 523; also in *Corey* v. *Springer*, 138 Ind. 506, and other cases relied upon by counsel for appellants.

Nor do we think the case at bar one in which the remainder was vested, but subject to be divested, as in the case of *Boling* v. *Miller*, 133 Ind. 602. Here the

remainder was, in effect, to Julia Elliott or her heirs. No lapse could take place. The remainder vested in her at the death of the testator, and had she not disposed of it, it would on her death at once have passed to her heirs.

We find no error in the record.

The judgment is affirmed.

Filed October 12, 1895; petition for rehearing overruled January 10, 1896.