## SMITH ET AL. v. SMITH.

[No. 8,625.  Filed June 1, 1915.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Although appellants' brief may
   be subject to criticism, it will be treated as sufficient where a
   good-faith effort to comply with the rules is shown and there is
   such substantial compliance therewith as to enable the court
   to ascertain therefrom the error assigned and relied on for re-
   versal and the proposition on which the error is based.  p. 171.

2. WILLS.—*Construction.*—*Devise of Life Estate.*—*Vesting of Re-
   mainder.*—Under a will devising certain real estate to testator's
   daughter for life and providing that "at her death the same
   is to descend and vest share and share alike in equal propor-
   tions to her children living at the time of her death", and mak-
   ing similar devises to testator's other children, and providing
   that "if at the time of the death of either of my children * * *
   such child of mine shall not have a child then living the land
   herein devised to such child of mine shall in that case vest in
   equal proportions share and share alike in the grandchildren of

such child of mine as may die without living children and in such case if there is no grandchildren of such child of mine as may die without living children the tracts of land herein devised to such child of mine shall by my executor be sold", and providing that the proceeds of such sale be divided equally among testator's grandchildren, etc., the estate in remainder in the land devised to such daughter vested in her children upon testator's death, so that on the death of one of her children subsequent to the death of testator the interest of such child descended to his legal heirs. pp. 171, 174.

3. WILLS.—*Construction.*—*Intent of Testator.*—Where the language of a will is plain, there is no room for construction and the courts will give effect to the testator's intention as therein expressed, if such intention is not contrary to law. p. 173.

4. WILLS.—*Construction.*—In the absence of a clear expression of an intention to the contrary it will be presumed that words used in a will were used in the light of the settled meaning which the law attaches thereto. p. 173.

5. WILLS.—*Construction.*—*Vesting of Estates.*—*Words of Survivorship.*—The law favors the vesting of estates at the earliest possible moment, so that words of survivorship in a will are construed as referring to the death of the testator, in the absence of language clearly showing that they refer to a subsequent date or event. p. 173.

6. WILLS.—*Construction.*—*Words of Postponement.*—It will be presumed that words postponing an estate relate to the beginning of the enjoyment of the remainder, unless the language clearly shows that they were intended to relate to the vesting of the estate. p. 174.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by Earl J. E. Smith against Edward H. Smith and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*L. R. Stookey, Wayne Anglin, Wm. F. McNagny, Robert R. McNagny* and *Philip M. McNagny,* for appellants.

*John D. Wideman, Allan S. Wideman* and *L. W. Royse,* for appellee.

FELT, J.—This suit was brought by appellee to partition certain real estate and quiet his title thereto. On request, the court made a special finding of facts and stated its conclusions of law thereon, which were in favor of appellee.

Appellant's motion for a new trial was overruled, judgment was rendered on the conclusions of law, and this appeal was taken.

Appellee contends that appellant has not complied with the rules of this court in briefing the case and that no question affecting the merits of the appeal is duly presented. The briefs are justly subject to some criticism, but evidence a good-faith effort to comply with the rules and show such substantial compliance therewith as to enable us to ascertain therefrom that the error assigned and relied on for reversal, is the conclusion of law that appellee owns the one-fourth part of the real estate for which partition was asked.

The briefs of appellants and appellee show that the question of title depends upon the construction given to certain provisions of the will of Edward Thomas, deceased, which are in substance as follows:

"Item second: I give to my daughter Jane Smith * * * the following lands (describing them). * * * Item seven: The land herein devised to Jane Smith is for her natural life only and at her death the same is to descend and vest share and share alike in equal proportions to her children living at the time of her death, the land herein devised to Andrew J. Thomas is for his natural life only and at his death the same is to go to and vest share and share alike in equal proportions to his children living at the time of his death. The land herein devised to Samuel Thomas is for his natural life only and at his death is to go to his children living at the time of his death share and share alike. The land herein devised to Minerva Thomas, now Shafer, is for her natural life only and at her death is to go to her children living at the time of her death share and share alike.

If at the time of the death of either of my children, to wit, Jane Smith, Andrew J. Thomas, Samuel Thomas, Minerva Thomas, now Shafer, such child of mine shall not have a child then living the land herein devised to such child of mine shall in that case vest in equal proportions share and share alike in the grandchildren of such child of mine as may die without living children

and in such case if there is no grandchildren of such child of mine as may die without living children the tracts of land herein devised to such child of mine shall by my executor be sold and the proceeds, after paying expenses, divided equally share and share alike among my grandchildren. Item Eight: All the property of which I may die the owner not otherwise disposed of by the provisions of this will heretofore made I give to my children named in this will, share and share alike, and at the time of my death if any of my said children shall be dead then the children of such dead children shall take the part which such child of mine would have taken if living.''

At the time of the death of the testator, Jane Smith was living and had four living children, viz., appellants, Edward H. Smith, Hiram J. Smith and Susan Anglin, and Charles E. Smith, who died intestate in March, 1890, subsequent to the testator's death, leaving him surviving as his only heirs at law, his son, appellee, Earl J. E. Smith, and his widow, Emma N. Smith, who has conveyed to appellee whatever interest she had in the real estate in controversy. The life tenant, Jane Smith, died in March, 1911. Appellants contend that the children of Jane Smith acquired no vested interest in the real estate at the time of the death of the testator, and that their interest in the real estate was contingent upon their survival of their mother, and that inasmuch as appellee's father died before his mother, appellants, the children of Jane Smith, living at the time of her death, take the estate to the exclusion of appellee. On the other hand appellee contends, and the trial court held, that at the time of the death of the testator the children of Jane Smith took a vested remainder in fee in the real estate subject only to the life estate therein of their mother; that appellee's father thereby became the owner of the undivided one-fourth part of the real estate and upon his death it descended to his legal heirs.

The rules of law applicable to the construction of wills containing provisions similar to those here under considera-

tion· have been many times stated and we therefore deem it sufficient here to cite some of the decisions wherein they are accurately stated in detail. *Aspy* v. *Lewis* (1899), 152 Ind. 493, 52 N. E. 756, and cases cited; *Myers* v. *Carney* (1908), 171 Ind. 379, 84 N. E. 400, and cases cited. Considering all the provisions of the will we do not think it can be said that it evidences a clear intention of the testator to postpone the vesting of the remainder to the time of the death of his daughter, Jane Smith. Conceding that some of the language employed in the will tends to support appellants' contention, yet other portions of it, and particularly the eighth clause, show an intention in harmony with the view that the title vested in the remaindermen at the death of the testator and that only the enjoyment of their real estate was postponed until the termination of the life estate.

Where the language· of a will is plain and the intent of the testator is clearly indicated thereby, there is no need of resorting to rules of construction and courts will

3. give effect to the intention so expressed if not contrary to some principle of law. But in this case the provisions of the will, as already indicated, are not harmonious and clear as to the intent, but make a case where it is proper to resort to rules of construction in construing and giving effect to the provisions of the will. *Aspy* v. *Lewis, supra; Taylor* v. *Stephens* (1905), 165 Ind. 200, 204, 74 N. E. 980; *Clore* v. *Smith* (1910), 45 Ind. App. 340, 342, 90 N. E. 917. In the absence of a· clear expression

4. of intention to the contrary, it will be presumed that the testator in choosing words to express his intention employed them in the light of the settled meaning which the law attaches to such words and expressions.

5. The law favors the vesting of estates at the earliest possible moment, and words of survivorship in a will are construed as referring to the death of the testator in all cases where the language employed does not clearly

and definitely show that they refer to a subsequent date or event. The law also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of the estate, unless the latter meaning is so clearly expressed as to leave no room for construction.

Without discussing the various provisions of the will in detail, we hold that under the rules of construction the estate in remainder vested upon the death of the testator, subject to the life estate of Jane Smith, and that the facts found show that appellee is the owner of the interest devised to his deceased father. In support of this conclusion we refer to the cases already cited in this opinion and to the following among the numerous decisions in harmony with such conclusion. *Campbell* v. *Bradford* (1906), 166 Ind. 451, 77 N. E. 849; *Moores* v. *Hare* (1896), 144 Ind. 573, 43 N. E. 870; *Aneshaensel* v. *Twyman* (1908), 42 Ind. App. 354, 356, 85 N. E. 788; *Fowler* v. *Duhme* (1896), 143 Ind. 248, 259, 42 N. E. 623; *Boling* v. *Miller* (1893), 133 Ind. 602, 604, 33 N. E. 754; *Hoover* v. *Hoover* (1888), 116 Ind. 498, 19 N. E. 468; *Harris* v. *Carpenter* (1887), 109 Ind. 540, 10 N. E. 422; *Tindall* v. *Miller* (1896), 143 Ind. 337, 41 N. E. 535; *Nelson* v. *Nelson* (1905), 36 Ind. App. 331, 337, 75 N. E. 679; *Heilman* v. *Heilman* (1891), 129 Ind. 59, 63, 28 N. E. 310; *Bruce* v. *Bissel* (1889), 119 Ind. 525, 529, 22 N. E. 4, 12 Am. St. 436; *Davidson* v. *Koehler* (1881), 76 Ind. 398; *Allen* v. *Mayfield* (1863), 20 Ind. 293.

Appellants rely especially on the case of *Corey* v. *Springer* (1894), 138 Ind. 506, 37 N. E. 322. Whatever may be the effect of that decision, we hold that, on the facts of this case, it is not controlling, and following numerous cases cited, conclude that the trial court did not err in its conclusions. Judgment affirmed.

NOTE.—Reported in 109 N. E. 60. As to jurisdiction of equity to construe wills, see 129 Am. St. 78. As to the law governing

construction of wills, see 2 L. R. A. (N. S.) 443. As to the rule
that wills are to be construed more liberally than deeds, see Ann.
Cas. 1913 E 1286. See, also, under (1) 3 C. J. 1407; 2 Cyc. 1913
Anno. 1013-new; (2) 40 Cyc. 1650; (3) 40 Cyc. 1386; (4) 40 Cyc.
1396; (5) 40 Cyc. 1511; (6) 40 Cyc. 1667.