CITIZENS LOAN AND TRUST COMPANY, ADMINISTRATOR, *v.* HERRON ET AL.

[No. 23,246.   Filed April 25, 1917.   Rehearing denied June 20, 1917.]

1. WILLS.—*Construction.—Estates Created.—Trusts.*—Where a will, after devising to the widow a life estate in all of testator's real and personal property, directed that, in event of the widow's death before the youngest son "arrives or if living would arrive at" his majority, an executor should take charge of the estate and manage it "in trust for the benefit of my children and heirs subject to the conditions herein," and provided that such executor should, upon the youngest son reaching the age of twenty-one years or, if deceased, when he would have attained that age, sell the entire estate and "divide and distribute the same equally share and share alike among and to each and all of my said children," and, in the event of the death of a child before final distribution, that such child's issue should inherit the share that would have gone to the parent, under the will, if living, testator's children took a contingent fee or interest in the property to be distributed, the interest of each being subject to be divested on his or her death before distribution, and the language used in the will was sufficient to create a trust in favor of the beneficiaries. (*Corey* v. *Springer* [1894], 138 Ind.

506; *Aldred* v. *Sylvester* [1915], 184 Ind. 542; and *Alsman* v. *Walters* [1915], 184 Ind. 565, distinguished.)  pp. 423, 428.

2.  TRUSTS.—*Creation.*—*Technical Words.*—*Intention.*—While it is essential to the creation of a trust that there be an explicit declaration of a trust or circumstances showing the intention to create a trust, yet no formal, technical or particular words are necessary, but it is sufficient if an intention to create a trust appears and the subject-matter, purpose and beneficiary are stated with reasonable certainty, and the use or nonuse of the technical words "trustee" and "trust" is not controlling.  p. 427.

3.  JUDGMENT.—*Conclusiveness.*—*Judgment Affecting Contingent Interest in Estate.*—*Parties.*—*Devisees.*—Where a will devised merely a contingent interest or fee in property to testator's son, which was divested by the son's death and by the terms of the will was thereupon inherited by the son's children, any judgment rendered in relation to such interest, in a suit in attachment against the son, to which testator's grandchildren were not made parties, would not be binding upon them.  p. 429.

4.  APPEAL.—*Review.*—*Conclusions of Law.*—*Reasons.*—Where the trial court's conclusions of law are proper, although based on different reasons than those of the court on appeal, the judgment will not be disturbed.  p. 429.

From Boone Circuit Court; *Willett H. Parr*, Judge.

Action by Ethel May Dailey Herron and another against the Citizens Loan and Trust Company, administrator, with the will annexed, of the estate of John C. Daily, deceased.  From a judgment for plaintiffs, the defendant appeals.  (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*W. S. Shirley, W. F. Elliott, S. R. Artman, Samuel M. Ralston* and *Bert Winters*, for appellant.

*C. T. Hanna, T. A. Daily, R. W. Adney* and *J. H. Hornaday*, for appellees.

PER CURIAM.—This is an appeal from a judgment in appellees' favor disapproving a current report made by appellant as administrator, with the will annexed, of the estate of John C. Daily, deceased.  The issues of fact were presented by such report and appellees' ex-

ceptions thereto, in which they objected to credit being taken and allowed on account of certain vouchers filed therewith. There was a trial by the court, a special finding of facts, conclusions of law and judgment in appellee's favor. Appellant excepted separately to each of the conclusions of law and filed a motion for new trial, which motion was overruled. The errors assigned and relied on for reversal call in question the correctness of the several conclusions of law and the ruling on the motion for new trial.

The finding of facts and conclusions of law are very lengthy, and appellant concedes that by the errors assigned and relied on a single question is presented by the appeal, as follows: "Did Charles C. Daily, son of the testator under his father's will and codicil take a vested interest in a part of his father's estate which was subject to be charged with the payment of this son's debts?"

The answer to this question depends solely on the construction to be placed on the will of said John C. Daily, deceased, and hence, it alone is all of the finding of facts that we need set out in this opinion. That part of the testator's will affecting said question contains the following provisions and items: By the first item of his will said testator gave to his widow

1. Martha H. Daily certain personal property absolutely, and by the second item he gave to her a life estate in all of his property, both real and personal. The fourth and fifth items of such will are, respectively, as follows:

"FOURTH. In the event of the death of my said wife before my youngest child, David W. Daily, arrives or if living would arrive at the age of twenty-one years, I hereby constitute, appoint and empower my nephew Americus C. Daily, to be and to act as the executor of this my will and testament, without giving or being required to give bond or surety

and that in the event of the death of my wife as aforesaid, he shall so act as said executor and I hereby authorize and empower him to so act as hereinafter more specifically set forth, that is to say: In the event of the death of my wife before said David W. Daily shall become, or if living, would attain the age of twenty-one years, said Americus C. Daily shall take charge of and fully control and manage as such executor all my estate, both real and personal, in trust for the benefit of my children and heirs, subject to the conditions herein until the period of time when said David W. Daily shall attain or if living would attain to the age of twenty-one years and said executor shall have full and plenary power and authority to manage all of my estate until said period of the time above named shall arrive, except that it is my will and I hereby direct that immediately after the death of my wife, my two daughters, Mary E. Busby and Lydia A. Darnall, and their families if they can and shall make it agreeable among themselves, shall occupy, free of rent and other charges therefor my brick residence in the City of Lebanon aforesaid, with privileges appurtenances belonging to the same until my said youngest son David W. Daily, shall attain or if living would attain to the age of twenty-one years. Provided always, that in case my said daughters or either of them so occupy said premises they or either of them shall therein furnish my said youngest son, David W. Daily, a home and shall also board him during his minority and they shall exercise good care over the premises aforesaid.

"The names of each and all my children are, Mary E. Daily, now intermarried with George W. Busby; Sarah A. Daily, now intermarried with Jesse G. Lane; Lydia A. Darnall, now intermarried with James Darnall, Charles Daily, George T. Daily and David W. Daily.

"I direct that my said executor during his executorship shall after the payment annually of all taxes, insurance, needful improvements and necessary expenses of my estate, annually or oftener at his discretion, divide and distribute equally the surplus of said income (after the payment aforesaid) among all of my said children.

"And I further direct that at the time my said youngest son, David W. Daily, shall attain the age of twenty-one years or if living would so attain to that age, then within reasonable time thereafter and so soon as he can without material loss or injury to my estate, he, my said executor, shall sell all of my said real estate for the highest and best price he can obtain and convert the proceeds thereof and also my personal property, bonds, securities, etc., into money and divide and distribute the same equally share and share alike among and to each and all of my said children.

"And it is my further will that if any one or more of my said children shall die before said final distribution, then and in that event if the children or child so dying shall leave surviving him or her a child or children, issue of his or her body, such child or children to take and inherit the share or portion that would go to the parent if living under the provisions of this will.

"FIFTH. It is my further will that in consideration of my esteem for George W. Busby as a man and his great kindness and attention to his wife, my said daughter, Mary E., whose delicate health requires much attention, that in the event of the death of said Mary E. Busby before the said final distribution without issue of her body, and in the event that said George W. Busby be living at the date of said distribution, I hereby devise and bequeath and hereby direct my executor to pay to said George W. Busby the sum of One Thousand Dollars at the date of the distribution aforesaid."

In a codicil to his will said testator provided as follows:

"Whereas the within will does not provide for an executor should my wife live until or after my son, David W., shall attain or if living would attain to the age of twenty-one years or after that date, I do hereby make, constitute and appoint as such executor my nephew, Americus C. Daily, without his giving or being required to give bond or surety and to close up the business of said estate in accordance with the provisions heretofore made."

The court stated as a part of its first conclusion of

law that "the law is with the exceptors (appellees) ; that by the terms of the said will of John C. Daily, deceased, his son, Charles Daily, took a conditional fee or interest in the property to be distributed as provided by the terms of said will, which fee or interest was subject to be divested and was divested by the death of said Charles Daily before the time set for said distribution to-wit: The death of the said Martha H. Daily and the attainment of said David W. Daily to his majority of twenty-one years of age. That the share or interest of said distribution proceeds that should have gone to said Charles Daily had he survived said two events,   *   *   *   went to and vested in said exceptors, Ethel May Daily Herron and Fred Roscoe Daily as the children of and issue of the body of said Charles Daily."

It is contended by appellant that the case at bar is governed in principle by *Corey* v. *Springer* (1894), 138 Ind. 506, 37 N. E. 322, and as that case was expressly overruled in *Aldred* v. *Sylvester* (1915), 184 Ind. 542, 111 N. E. 914, and *Alsman* v. *Walters* (1915), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921, a reversal of the judgment herein must necessarily follow.

It will be noted in the will under consideration that after making provision for a life estate for the widow the will contains the following directions to his executor: "Shall take charge of and fully control and manage as executor of my estate, both real and personal, in trust for the benefit of my children and heirs subject to the conditions herein expressed until the period of time when   *   *   *   and said executor shall have full and plenary power and authority to manage all of my estate until said period of time above named shall arrive". It is further provided in the will: "That at the time my said youngest son, David W. Daily, shall attain the age of twenty-one years or if living would so attain to that age, then within a reasonable time

thereafter and so soon as he can without material loss or injury to my estate, he, my executor shall sell all of my said estate for the highest and best price he can obtain and convert the proceeds thereof and also my personal property, bonds, securities, etc., into money and divide and distribute the same equally share and share alike among and to each and all of my said children." It was provided further by the terms of the will: "That if any one or more of my said children shall die before final distribution, then and in that event if the children or child so dying shall leave surviving him or her a child or children, issue of his or her body, such child or children to take and inherit the share or portion that would go to the parent, if living under the provisions of this will."

Neither *Corey* v. *Springer, supra,* nor either of the cases (*Aldred* v. *Sylvester* and *Alsman* v. *Walters, supra,*) overruling *Corey* v. *Springer,* contained any provision creating a trust in favor of any person or persons, but after giving the life estate to the widow, gave the fee simple to certain designated persons, the enjoyment of which was postponed until the happening of certain events. In the case at bar it is evident from the terms of the will that it was testator's intention that no part of his estate should go to his children in fee, but that a trust should be created in favor of certain parties and that title should be held by his executor in trust for such children or grandchildren as should be living at the time fixed for distribution. *McCoy* v. *Houck* (1913), 180 Ind. 634, 644, 99 N. E. 97.

While it is essential to the creation of a trust that there be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that 2. a trust was intended to be created, no formal, technical or particular words are necessary, but it is sufficient if an intention to create a trust and the

subject-matter, purpose, and beneficiary are stated with reasonable certainty. Indeed, the use or nonuse of the technical words "trust" and "trustee" is not controlling, it being held that their absence does not prevent a declaration of trust from being sufficient. 39 Cyc 57; *Anderson* v. *Crist* (1888), 113 Ind. 65, 15 N. E. 9; *Green* v. *McCord* (1902), 30 Ind. App. 470, 472, 66. N. E. 494.

In the will in question it is expressly stipulated that the executor shall "take charge of and manage * * * all my estate * * * in trust for the benefit of my children and heirs" and at a time certain, named in the will, to *sell* the same and distribute the proceeds to certain parties who shall be in existence at the time of distribution. This is sufficient to create a trust.

The fifth item of the will adds force to the position that testator intended that a trust should be created in favor of such as should survive the two contingencies named. This provision of the will directs that the sum of $1,000 was to be paid George W. Busby if he survived his wife Mary E., daughter of testator and is in the following language: "That in the event of the death of said Mary E. Busby before the final distribution without issue of her body, and in the event said George W. Busby be living at the date of said distribution, I hereby devise and bequeath and hereby direct my executor to pay said George W. Busby the sum of One Thousand Dollars at the date of the distribution aforesaid."

It is evident that testator did not intend that Busby should take the share of the estate which would descend to him as heir of his wife and in addition thereto have $1,000. This item is mentioned only as throwing light upon the intention of testator, and is not intended to decide the interest of George W. Busby in the estate, a matter which is not before us for consideration.

It is insisted on the part of appellant that as proceedings supplemental to execution and a suit in attachment were instituted against Charles Daily and the holders of certain securities belonging to the estate of the testator, John C. Daily, brought on behalf of certain judgment creditors of Charles Daily, and that the judgment in these cases being unappealed from, the same is conclusive and binding upon appellees herein, by reason of the fact that they were the children of said Charles. But there is no allegation in the answer of such creditors to the exceptions filed herein that appellees were parties to such proceedings in attachment or supplemental to execution, nor does the record disclose that they were parties to that proceeding. Any judgment rendered in relation to the estate in question to which these appellees were not made parties would not be binding upon them and may be attacked collaterally or otherwise. *McCoy* v. *Houck, supra,* 647; *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219, 225, 75 N. E. 283. Another rule would prevail if these appellees claimed the right to the funds in question as heirs at law of Charles Daily and they would be bound by the judgment against Charles. But the claim of appellees to the funds in question is not based upon their right to inherit from him, but by reason of the provisions of the will giving them the property in the event Charles died before the time for distribution of the trust funds.

While the conclusions of law by the trial court in favor of appellees are based upon a different reason than the one here announced, yet if the proper conclusion is reached the judgment will not be disturbed if supported by the law. The conclusions of law are to the effect that the law is with the exceptors, and that the share or interest of said distribution proceeds that should have gone to Charles

Daily, had he survived the death of Martha H. Daily, widow, and David W. Daily's attainment of his majority, went to and vested in said exceptors (appellees) and is not affected by the attachment proceedings of the judgment or order of the court entered therein.

There being no error in the record and the correct conclusion having been reached, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 941. See under (1) 40 Cyc 1775-1777; (2) 34 Am. St. 195; 39 Cyc 57, 58; (3) 23 Cyc 1280; (4) 3 Cyc 221; 4 C. J. 664.