## GILL v. ALCORN.

*Wills—Construction—Devise for life to daughter remaining unmarried—Testator's surviving children or their heirs take per stirpes, when—No interest passes under will of daughter, when.*

1. A devise of real estate to a daughter for life, should she remain single, but in case of her marriage or death to be equally divided between the testator's then surviving children, or their heirs, like and like, passes upon the death of the daughter, without having married, to the testator's then surviving children, and if any of the testator's children have died before the termination of the particular estate, leaving children, such children take *per stirpes* the share their parent would have taken.

2. In such case a will executed by a daughter of the testator attempting to devise an interest in the land passes nothing to the devisee if the daughter dies before the termination of the particular estate.

(Decided March 17, 1924.)

APPEAL: Court of Appeals for Wood county.

*Mr. Edward M. Fries,* for plaintiff.

---

[1] Wills, 40 Cyc. p. 1495; [2] Id., 40 Cyc. p. 1049.

*Messrs. Harrington & Pierce* and *Mr. Earl D. Bloom,* for defendants.

RICHARDS, J. This action was begun for the purpose of securing partition of 61 acres of real estate in this county. The rights of the parties depend upon a construction of Item 1 of the will of Malinda Alcorn, deceased. That item reads as follows:

"I give and devise to my daughter, Eliza J. C. Alcorn the farm on which I now reside, situate in Washington Township, Wood County, Ohio, and all other lands by me owned in said township, county and state of Ohio, containing in all sixty-one acres of land, during her natural life, should she remain single, or a *feme sole* at law, but in case of her marriage or death, then all of my lands or real estate to be equally divided between my then surviving children or their heirs, like and like."

The facts, so far as necessary to a determination of this case, are set forth in the brief of counsel for the plaintiff, and we adopt that statement as ours. It reads as follows:

"Malinda Alcorn, the testatrix, at the time of her death, was the owner of the sixty-one acres of land described in the petition, being the same lands described in her will.

"She died in the year 1888, leaving no widower surviving; she, however, left seven children surviving, who were as follows: Eliza J. C. Alcorn, Frank Alcorn, Nelson Alcorn, John K. Alcorn, James Alcorn, Sarah Powers and Martha Van Tassel.

"Eliza J. C. Alcorn, to whom said lands were devised for life, was never married. She died in the year 1923, and had until the time of her death the use of said lands as provided in said will.

"Frank Alcorn is now living. Nelson Alcorn died intestate before the time of the death of Eliza J. C. Alcorn, and left one child, his only heir, who is the defendant, Eva Byrd.

"John K. Alcorn died intestate before the time of the death of Eliza J. C. Alcorn, and left as his only heirs three children, who are the defendants Clyde Alcorn, Floyd Alcorn and Clara Alcorn.

"James Alcorn died intestate before the time of the death of Eliza J. C. Alcorn, and left as his only heirs two children, who are the defendants Geneva Chapman and Gordon Alcorn.

"Sarah Powers died intestate, before the time of the death of Eliza J. C. Alcorn, and left as her only heirs three children, who are the defendants, Augusta Powers, Lulu Powers and George A. Powers.

"Martha Van Tassel died testate before the time of the death of Eliza J. C. Alcorn, and left as her only heirs at law the plaintiff Lulu Gill, and the defendants, Carrie McWilliams, Willard Van Tassel, Effie Harriman and Laura Van Tassel. By the terms of her will Martha Van Tassel devised to her daughter, Lulu Gill, who is the plaintiff herein, all of her property, both real and personal, in fee simple.

"At the time Malinda Alcorn executed her will, and at the time of her death, she had seven children living, who are the children herein named. At the time of her death she had no children deceased who left issue surviving."

The sole matter for the consideration of this court is to ascertain the intent of the testatrix from the language used by her in the will. The language of Item 1 seems so plain and unequivocal as to hardly require the construction of a court. The testatrix says in that item that she devises to her daughter, Eliza J. C. Alcorn, 61 acres of land "during her natural life should she remain single, or a *feme sole* at law, but in case of her marriage or death, *then* all my lands or real estate to be equally divided between my *then* surviving children or their heirs, like and like."

So far as this 61 acres of land is concerned the will contains no other dispositive clause, and the title must pass and intent be ascertained from the language of this item of the will.

Eliza J. C. Alcorn took an estate for life or as long as she remained unmarried. This devise is then followed by appropriate language disposing of the land after her death or marriage, and by its terms devises the land to the then surviving children of testatrix, "or their heirs, like and like." The words "or their heirs, like and like" mean the children of any who died before the termination of the particular estate, and they take the share their parent would have taken if such parent had survived the termination of the life estate, and take *per stirpes* and not *per capita*.

In construing this will we can not overlook the use of the word "then," which word occurs twice in the closing paragraph of this item of the will; nor can we overlook the fact that the remainder, after the termination of the particular estate, had not been elsewhere disposed of by the testatrix,

and is only disposed of by that portion of the will which provides that on the death or marriage of Eliza J. C. Alcorn the land shall *then* be equally divided between the *then* surviving children of the testatrix, or their heirs. *Barr* v. *Denney,* 79 Ohio St., 358; *Sinton* v. *Boyd,* 19 Ohio St., 30; *Richey, Exr.,* v. *Johnson,* 30 Ohio St., 288.

This will is not one where the land in controversy has been disposed of by an earlier item. The only dispositive language in the will, so far as this land is concerned, is contained in the item quoted, and in this respect the will is similar to the will involved in a decision of this court in *Stearns* v. *Brandeberry,* 9 Ohio App., 300.

In the respect indicated the will is clearly distinguishable from the one construed by the Supreme Court in *Brasher* v. *Marsh,* 15 Ohio St., 103. In the course of the opinion in that case the court, speaking through White, J., uses the following language, at page 112:

"If their standing is that of purchasers, the only source of their title is the clause of the will directing a division; and, as before stated, we do not regard this clause as creating title, but as directing the time and mode of completing the division *of what had already been given.*"

The 61 acres had not already been given to anybody, except an estate to a life tenant, and was not thereafter given in the will. It is given only by the language quoted, and no other construction can be placed on that language without doing violence to the manifest intention of the testatrix. There are material differences between this case and *Linton* v. *Laycock,* 33 Ohio St., 128. It follows

that Lulu Gill took no interest in this property under the will of her mother, Martha Van Tassel, who died before the termination of the particular estate.

A decree may be drawn construing the will in accordance with this opinion.

*Decree accordingly.*

CHITTENDEN and KINKADE, JJ., concur.