HUGHES, Exr., Deceased, Plaintiff, v. WILSON et, Defendants.

Probate Court, Fayette County.

No. C-4384.   Decided February 3, 1961.

For further history see *Omnibus Index* in bound volume.

BRUBAKER, P. J. This matter is before the Court on the petition of Carl Hughes as executor of the estate of Della Traub, deceased, for a construction of the will of said testatrix, and in particular the construction of Item 12 of said will.

The testatrix died on July 8, 1958, leaving a large number of next of kin on both maternal and paternal sides, none of those on the maternal side being nearer of kin than first cousins to the decedent, and the most remote next of kin on the maternal side being third cousins.

After making various general bequests in her will, the testatrix provided for sale of the residue of her estate and its distribution by the following provision, which is Item 12 of the will:

"I have no children, no brothers or sisters surviving me, and no nieces or nephews. My mother's maiden name was Fulton, and on my maternal side I have a number of first cousins and also cousins of a more remote relationship, some of whom I am not acquainted with, nor do I know their present names or places of residence. However, I want to give the net proceeds of my residuary estate to my first cousins on my maternal side who may survive me and to the heirs of the body of any deceased first cousins, equally, share and share alike, the same to be theirs absolutely. I do therefore give and bequeath the net proceeds of my residuary estate, equally, share and share alike, to my first cousins on my maternal side who may survive me and to the heirs of the body of any deceased first cousins on my maternal side, the same to be theirs absolutely."

The testatrix left surviving her about seventy next of kin on her maternal side, the closest of which would take a one-ninth interest under the laws of descent and distribution, and the most remote of which would take a one-seven hundred twenty eight interest under the distribution statute. In all there were twenty first cousins on the maternal side which survived the decedent, and there are living descendants of fifteen other first cousins on the maternal side which predeceased the decedent. The problem is whether the testatrix intended to make a per

capita or per stirpes distribution to these various relatives on the maternal side.

Ordinarily, use of such words as "share and share alike" indicate an intent to make a per capita distribution, particularly among members of a class (Annotation 16 A. L. R., p. 22, par. II (f); *Huston* v. *Crook,* 38 Ohio St., 328; *McKelvey* v. *McKelvey,* 43 Ohio St., 213, 1 N. E., 594; *Mooney* v. *Purpus,* 70 Ohio St., 57, 70 N. E., 894; *Holmes* v. *Fackleman,* 20 O. C. C. N. S., 109; *Stearns* v. *Brandeberry,* 90 Ohio App., 300). However, this general rule may be controlled by the context of the will (*Godfrey* v. *Epple,* 100 Ohio St., 447, 11 A. L. R., 317, 126 N. E., 886).

This rule is well established in this state and consequently there appears to be no question but that under Item 12 of the decedent's will those first cousins on the decedent's maternal side who survived her were intended to and are entitled to share on an equal basis in the distribution of the residue. This leaves the further question as to whether or not each of the remote next of kin on the maternal side, which survived the decedent, take the same share as the first cousins.

In addition to the rule importing intention from the words "share and share alike" is the additional rule of construction that if a gift is made to members of a class living and the heirs (etc.) of any of the class deceased, the gift, so far as the heirs (etc.) of any deceased members of the class are concerned, is purely substitutional in character and they take per stirpes. 57 A. Jur. (Wills), 1316, p. 871; 16 A. L. R., p. 135, par. III (v); 78 A. L. R., p. 1412. par. III (v); *Gill* v. *Alcorn,* 19 Ohio App., 122; 41 Ohio Jurisprudence, Wills, p. 709; *Boblett* v. *Barbee,* 119 N. E. (2d), 319.

It is very difficult to use case analogies in determining what construction should be placed on a will, partially due to the fact that wording is seldom identical, and largely due to the fact that the entire will must be considered in determining the testator's intention, and almost always the circumstances and other portions of the wills in question are different.

In this particular case it appears to be the intention of the testatrix that the members of the class which she wished to benefit were first cousins on the maternal side. This is indi-

cated by the expression that she did not know the names or whereabouts or the remoteness of relationship of the more remote cousins. Under such circumstances, it would seem unlikely that she would intend the identical benefit for the remotest cousin, whom she did not even know, as she intended for the first cousins whom she did know and with some of whom she had a rather close association. It is apparent that she did not intend for these more remote cousins to take as individuals, but only by virtue of being descendants of first cousins who predeceased her, and whose stock she wished to afford the same benefit as those first cousins who survived her.

Cases having a very close factual comparison which support this view are *Wood* v. *Robertson*, 113 Ind., 323, 15 N. E., 457, in which it was held that use of the words "be equally divided among my children then living and the descendants of such as may be dead, share and share alike . . .," indicated an intention to make a per stirpes distribution, and *Slingluff* v. *Johns*, 87 Md., 273, 39 Atl., 872, where it was held that use of the words "to my children who may survive or the descendants of their children and be equally divided between them," indicated an intention to make a per stirpes distribution to the descendants of predeceasing children, the court saying that the equal division implied was not between the individuals who should take, but between the respective stocks. Also, in *Gill* v. *Alcorn*, 19 Ohio App., 122, where the words "equally divided between my then surviving children or their heirs, like and like" were used, it was held that the heirs of the testatrix' children who died prior to the determination of a preceding particular estate took the share their parents would have taken had they survived.

In the case at bar, the use of the words "share and share alike" indicate that the respective stocks of first cousins should take equal shares rather than that all of the individuals which come within the purview of benefits from this item should take an equal amount.

It is therefore the opinion of this Court that the residue remaining of this decedent's estate should be divided into that number of shares which represents the number of first cousins of the decedent on her maternal side who survived her plus the

number of first cousins on the maternal side who predeceased the decedent leaving heirs of their body surviving the decedent. One of these shares should be distributed to each first cousin on the maternal side who survived the decedent, and one share should be distributed per stirpes to the heirs of the body of each of the first cousins of the decedent on her maternal side who predeceased the decedent leaving heirs of their body surviving the testatrix.