KOCH, EXECUTOR, ET AL. *v.* WIX ET AL.

[No. 16,506. Filed February 14, 1940. Rehearing denied March 29, 1940. Transfer denied May 6, 1940.]

*Louis L. Roberts, Wm. L. Irons, Travis Williams, Isador Kahn* and *Forrest M. Condit,* all of Evansville; and *Forest Hyde* of New York City, for appellants.

*John H. Jennings, Bernard Frick, P. C. Gould* and *Wilbur Clippinger,* all of Evansville, for appellees.

BRIDWELL, P. J.—For a period of fifty years or more, prior to 1936, one George L. Mesker was engaged in conducting a business enterprise in the City of Evansville, in Vanderburgh county, Indiana, wherein he employed at the beginning a small number of persons, but for a period of more than thirty years prior to his death, on October 31, 1936, employed on the average from one hundred to one hundred twenty-five persons. He had not visited his place of business in the City of Evansville for approximately twenty-five years before his death,

but left the active management and control of the business to others selected by him. His estate at the time of his death had a value in excess of one million dollars. He died testate, his will having been duly executed on March 12, 1931, and duly probated on December 7, 1936. It named Henry F. Koch, the general manager in charge of his business enterprise for approximately forty years before his death, and his wife, Elizabeth Mesker, as joint executor and executrix of his will; and in due course letters testamentary for the administration of the estate were duly issued to them by the Probate Court of Vanderburgh County, Indiana, the court wherein the will had been offered for and admitted to probate.

This action was brought by appellant Henry F. Koch, as executor of said estate, against the appellees and the other two appellants, to have the court construe the will of said decedent, and particularly with reference to the purpose and meaning of that part of the will which is as follows:

> "I give to each of my employes who have been in my employ ten years or more the sum of one thousand dollars ($1,000.00) and to each of those who have been in my employ over five years and less than ten years the sum of five hundred dollars ($500.00)."

The issues in the cause were closed by answers of general denial to the complaint on the part of all parties defendant thereto. There was a trial by court, and before the beginning of the trial one of the attorneys representing fifteen of the defendants (there being more than one hundred defendants in all) filed written request for a special finding of facts and conclusions of law in behalf of "the defendants in the above entitled cause," said request not being limited to the parties

whom he represented, nor signed by any of the other parties defendant, or by any of their respective counsel. The attorney filing such request did not represent either of the appellants. In due course the court made its general finding, construing said paragraph of the will, which finding was evidenced by a "written memorandum opinion" wherein the court stated its decision holding that the word "employes" as used in said paragraph of the will should be construed "so as to include any employee living at the time of the testator's death who had been employed for either one of the periods fixed by the terms of the will."

The judgment rendered, in so far as it need be set forth here, after quoting the provision of the will which it was sought to have construed, and hereinbefore quoted, proceeded as follows:

"And the Court having examined and considered said will and heard evidence thereon, argument of counsel, and now being sufficiently advised in reference thereto, finds and does hereby order, adjudge and decree that upon proper construction of said will the true and legal meaning, intent and effect of said provision thereof above set forth, and the rights, interests, duties and powers of the parties hereto created, conferred and existing thereby are as follows, to-wit: That the term 'employes,' as used by the testator, includes any and all persons living at the time of the testator's death, to-wit: October 31, 1936, which person had been at any time in his employ for an aggregate period of five (5) years or more or for an aggregate period of ten (10) years or more, as the case may be, and that such persons are entitled, and said executors authorized, directed and ordered to pay in due course of the administration of said testator's estate, to each such person who have been in his employ for an aggregate period of more than five (5) years and less than ten (10) years, the sum of five hundred dollars ($500.00), and to each such person who have been in his employ for an aggregate period of more than

ten (10) years, the sum of one thousand dollars ($1,000.00).

"And it is by the Court considered, adjudged and decreed that the parties to this action shall take only such rights, title and interest and have and exercise only such duties and powers by virtue of said provisions of said last will as are by this decree determined and defined."

When we consider the finding of the court, as evidenced by its written opinion, together with the judgment rendered, it is evident that the court in effect decided and held that the word "employes," as used by the testator, was broad enough to include all persons who had ever been employed by the testator for either of the specified required periods of time, whether employed by him at the time of his death or not.

Appellants each duly filed a separate motion for a new trial, each assigning as causes therefor that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law, and that the court erred in failing "to make and enter, in accordance with the writen request therefor timely filed, its special finding of facts and state conclusions of law thereon." These motions were overruled, the respective parties adversely affected each properly reserving an exception, and this appeal was perfected. Separate assignments of error by each of the appellants aver that the court erred in overruling the motion for a new trial.

The evidence submitted to the court was not conflicting as to any fact which was sought to be proved. It established the facts heretofore stated, and there is also undisputed evidence to prove that forty-three of the appellees were in the employ of the testator at the time of his death, and had been for more than ten years prior thereto; that twenty of the appellees were in the employ of said testator at the time of his death, and had

been for more than five, but less than ten years prior thereto; that twenty-two of the appellees were persons who were not in the employ of the testator when he died, but were former employees who had been in his employment for an aggregate period of ten years or more, and of these five had been discharged; that sixteen of the appellees are persons who were former employees not in the employment of the testator at the time of his death, but who had been in his employment five years or more, and less than ten years, and of these persons three had been discharged.

It is to be noted that the clause of the will which the trial court was called upon to construe designates the persons who are to take by virtue of this provision only as "employes." If the testator had intended to include as beneficiaries entitled to take either one thousand dollars or five hundred dollars, all persons who had ever been in his employment at any time, nothing would have been easier than for him to so indicate such intention by providing: "I give to each of my *employees* and *former employees*," etc. This he did not do, and we find no evidence in the record, nor anything in any of the other provisions of the will which leads us to believe that by the language he intended to bequeath a legacy of one thousand dollars or five hundred dollars, the amount of the legacy to be determined by the period of service, to each *person* who survived him, and who had *at any time* been employed by him, though not so employed at the time of his death, and regardless of the reason for the termination of the employment. The testator, of course, knew that his will would not become effective until his death, and he clearly designated those who are to take under said clause by a method which makes their identification

easily ascertainable when the time comes for the several legacies to be paid.

In construing a will, the words used by a testator are to be given their ordinary well-settled meaning, unless it clearly appears from the will itself that the intention is otherwise. The word here used (employes) has a definite, well-established meaning, commonly known, and is applicable only to one who is in the present service of another for pay at a particular time. In its accepted usage, it does not embrace one who has at some time been, but no longer is, in the employment of another. A will speaks as of the date of the testator's death, and when, as in the instant case, a testator makes a bequest to persons not designated by name, but designated only by a mode or method of identification, then it is only such individuals as can qualify under such method who are entitled to take the legacy bequeathed. We are of the opinion that the decision is not sustained by sufficient evidence and is contrary to law.

We have examined and considered the many authorities cited by the parties, but deem it unnecessary to extend this opinion by a review of them. For cases bearing upon the legal propositions involved, see *Smith* v. *Smith* (1915), 59 Ind. App. 169, 173, 109 N. E. 60; *Reeder* v. *Antrim* (1917), 64 Ind. App. 83, 92, 110 N. E. 568; *Wallace* v. *Cutsinger* (1917), 66 Ind. App. 185, 115 N. E. 789; *Burke, Exr.* v. *Crawfordsville Tr. Co., Admr.* (1936), 103 Ind. App. 1, 5, 2 N. E. (2d) 817; *West* v. *Rassman* (1893), 135 Ind. 278, 294, 34 N. E. 991; *Grise, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 9, 11 N. E. (2d) 146; *In re Sharland* (*Kemp* v. *Rozey*) (1896), 1 L. R. Chancery Div. 517; *Marcus* v. *Marcus* (1887), 56 Law Journal Reports (N. S.) 830.

The question whether error was committed when the court failed to make a special finding of facts, and state its conclusions of law thereon is presented, but this question we need not decide, since the judgment herein must be reversed for other reasons. See *Teeters* v. *City National Bank of Auburn* (1938), 214 Ind. 498, 501, 504, 14 N. E. (2d) 1004.

We can see no useful purpose in a retrial of this cause, the evidence being without conflict, and the matter for decision of the character it is.

Judgment reversed, with instructions to enter judgment in accordance with this opinion, decreeing that the executors should pay the legacies provided for by the clause of the will herein construed, only to those persons who were in the employment of the testator at the time of his death, and who had been so employed by him for the aggregate period of five or of ten years, as the case may be, and to no others. It is so ordered.

NOTE.—Reported in 25 N. E. (2d) 277.