## Ruud Estate.

Argued October 11, 1943. Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

50

*Walter W. Riehl,* for appellants.

*John T. Duff, Jr.,* with him *John H. Sorg,* for appellees.

OPINION BY STADTFELD, J.:

These appeals are from a final decree and opinion of the Orphans' Court of Allegheny County, Pennsylvania, dismissing exceptions of the appellants to the report of the Special Master disallowing the claims of the appellants who allegedly are two of the legatees under Section 19 of the will of Edwin Ruud, deceased. The testator died on December 9, 1932, at Pittsburgh, leaving the will in question dated March 12, 1931 and a codicil thereto dated June 4, 1932. The testator was, at the time of his death, the President of the Ruud Manufacturing Company, which company he had established in 1897. This company had employed continuously from three hundred to five hundred employees, excepting during periods of depression.

Appellants' claims arise under Section 19 of decedent's will, which provides as follows: "I direct that my Executor, hereinafter named, shall pay unto each employee of the RUUD MANUFACTURING COMPANY who has faithfully served said company for a period of ten (10) consecutive years or more, the sum of ONE THOUSAND ($1,000.00) DOLLARS, and to

each employee who has faithfully served said Company for a period of twenty (20) consecutive years or more, I give and bequeath the additional sum of ONE THOU-SAND ($1,000.00) DOLLARS."

The appellees concede that the appellant Alderson was an employee of the Ruud Manufacturing Company at the date of the execution of the will and had satisfied the condition of the will of ten consecutive years of faithful employment. He ceased to be an employee, however, on June 3, 1931, approximately one and a half years prior to the death of the testator. Likewise, the appellant Carter was an employee with ten consecutive years of faithful employment at the date of the execution of the will but ceased to be an employee of the company on January 15, 1932, approximately eleven months prior to the death of the testator.

The sole question presented to this court is whether or not the appellants, who had faithfully and continuously served the company for the requisite number of years and whose employment commenced prior to the date of execution of the will but terminated on a date prior to the date of death of the testator, fit the description in the will and are, therefore, entitled to the legacy therein provided.

It is the opinion of this court that appellants do not fit the description of the will and are not, therefore, entitled to participate in the legacy therein provided. A will must be construed according to the intention of the testator as expressed in the language he used in that instrument. The language used in a will is to be understood in its ordinary and popular significance, and, in an equally well-settled corollary, the testator is presumed to know the plain meaning of the language he employed in drafting his will. By the use of the word "employee" in Section 19, which in common parlance designates a worker presently employed by an employer, the testator intended to exclude from participation in

the distribution of his estate former employees. Furthermore, the testator, when he referred to "employees," undoubtedly meant those who were employees at the time of his death, and not merely those who were employees on the date of the will or its codicil. He knew that his will was inoperative until his death, that the personnel of his business was subject to change, and that some employees would prove unfaithful or unworthy or would commit acts of such nature as would warrant a forfeiture of any claim to his bounty. If it were the intent of the testator that all of the individuals who, at the date of the execution of the will or its codicil, satisfied the conditions of his bounty, were entitled to share therein he could have so provided in express words.

Although no Pennsylvania case has been found in which the facts are so analogous to those of the case at bar that it would be controlling, the decision of *In Re: Marcus,* 56 Law Journal, Chancery Division, New Series (England) 830, decided in 1887, is squarely on the point. Moses Marcus by will without date but executed in 1879, after stating among other things that he was trading under the firm name of Marcus & Company, London, and M. L. Marcus, Hamburg, made a bequest in the following words, "My office and warehouse employees, such as clerks and workmen, shall have to receive six months' full salary." The testator died in October, 1885.

The question arose "which of three classes of employes were entitled to the benefit of the above bequest, (1) those who were in the employment of the testator at the date of his will, (2) those who were in his employment at the date of his death, and (3) those who were in his employment at the date of his will and who so continued up to the time of his death."

"NORTH, J. The clause must be construed according to the ordinary natural meaning of the words. In my opinion, the ordinary natural meaning of the words is:

'Those who were his employés at the time of his death.' If he had meant to describe the persons who were his employés at the time at which the will was made, nothing would have been easier than to say who they were and who were meant. But instead of adopting the obvious course in case that was intended, he does something else. He seems to consider that the employés are a class to be ascertained, and he gives the mode by which the trustees are to ascertain, when the time comes, who are the persons to take. The definition 'such as clerks and workmen' might be very useful to the executor, if they had to ascertain who were the employés at the time of the death; but it does not seem to me at all a phrase that would have been used if the testator had been intending to describe those who were employés at the time of making the will. It is clear also that, by this definition, he is not dealing with particular preferred individuals; he is not selecting the persons to take, but describing them by a mode in which they can be identified when the time comes."

In *Koch et al v. Wix*, 108 Ind. App. 20, 25 N.E. (2d) 277, involving a will bequeathing "to each of my employees who have been in my employ ten years or more the sum of one thousand dollars and to each of those who have been in my employ over five years and less than ten years, the sum of five hundred dollars," it was held that the word "employees" referred only to those in the testator's employment at his death. See also *Kline's Estate*, 35 Mont. 185, 88 Pac. 798.

The assignments of error are overruled and the decree is affirmed. Costs to be paid by the estate.

PER CURIAM, January 27, 1944:

The foregoing opinion was prepared by Judge STADTFELD, but had not been adopted at the time of his sudden death on December 12, 1943.

It is now filed as the opinion of the court.