

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 20, 1975

The Honorable Henry Wade
Criminal District Attorney
Dallas County Courthouse
Dallas, Texas 75202

Opinion No. H- 535

Re: Payment by Dallas County
of group health and life insurance
premiums for retirees.

Dear Mr. Wade:

You have requested our opinion as to whether or not Dallas County
may "legally pay premiums on a health and life group insurance policy for
persons who have retired from the county and are eligible for benefits
under the County and District Retirement System," and if the answer to
this question "is in the negative, and if the qualified retirees pay their
own premiums," whether Dallas County may "legally pay the group
insurance premiums for persons employed by the county when the group
rate for employed persons would reflect and partially be based upon losses
sustained by persons in the retired category."

Our answer to both questions is in the negative.

Article 3.51-2(a) of the Texas Insurance Code empowers a county
"to procure contracts insuring its officials and employees" for, inter alia,
group life and group health insurance and to pay all or a portion of the
premiums of such policies.

"Employees" is not defined in article 3.51-2. Section 1 of article
3.50 dealing in general with the requirements for group life insurance
policies, in its subsection (3)(d) which is applicable to policies issued to
employees of governmental units, defines "employees" "in addition to its
usual meaning [to] include elective and appointive officials of the state."
Section 1(2) of article 3.51, dealing with group health insurance policies
issued to employees of governmental units, defines "employees" to

"include elective and appointive officials of the state" as well as its "usual meaning."

It would appear, then, that the question of whether to include "retirees" within the scope "employees" should be determined by the "usual meaning" of the term "employees." The judicial decisions most pertinent to this inquiry are not Texas cases, but they provide some illumination.

The U.S. Supreme Court recently ruled that the term "employee" as used in the National Labor Relations Act is to be taken in its ordinary meaning, and, as such, excludes retirees. Allied Chemical & Alkali Workers of America Local Union No. 1 v. Pittsburgh Plate Glass Co., 404 U.S. 157 (1971). Youngstown Sheet & Tube Co. v. Review Board, 191 N.E. 2d 32 (Ind. 1963) interpreted the meaning of "employee" for purposes of a collective bargaining agreement, and quoting an earlier Indiana decision, Koch v. Wix, 25 N.E. 2d 277 (Ind. 1940), held that its "common, well-established meaning" is "one who is in the present service of another for pay at a particular time" and "does not embrace one who has at some time been, but no longer is, in the employment of another." Youngstown, supra, at 36.

The Texas cases which have considered the definition of "employee" do not deal with persons who have left the service of their employers, but the definitions the courts accept would seem to preclude the subsuming of "retiree" under the umbrella of "employee."

In Riverbend Country Club v. Patterson, 399 S.W. 2d 382 (Tex. Civ. App. --Eastland 1965, ref. n.r.e.), the Court quoted the definition of an "employee" as one whose "employer has the power or right to control and direct the employee in the material details of how the work is to be performed." Id. at 383. In Northwestern National Life Ins. Co. v. Black, 383 S.W. 2d 806 (Tex. Civ. App. --Texarkana 1964, ref. n.r.e.), the Court held that an "employee" is "one who works for an employer; a person working for a salary or a wage." Id., at 809.

Neither definition seems capable of including the retiree. On the one hand, the employer has no "power or right to control or direct the

employee" and on the other, the retiree is no longer "working for a salary or a wage." Thus, if the term "employee" is restricted to its "usual meaning" it would seem to exclude the retiree.

There are other statutory provisions which argue on behalf of exclusion. Article 3.51-4 of the Insurance Code authorizes the State of Texas to pay the group life and group health premiums for "retirees of the Central Education Agency, the Texas Rehabilitation Commission, and the Coordinating Board, Texas College and University System." If "retirees" are included within the general definition of "employees," there would seem to be no need to create a special category to provide for these particular retirees.

The only statutory authority which even apparently contradicts the proposition that a retiree is not an employee is found in section 1(1)(a) of article 3.50 of the Insurance Code, which states that a policy "may provide that the term 'employees' shall include retired employees." As has been pointed out, supra, section 1 of article 3.50 is concerned in general terms with the requirements for group life insurance policies. This office has previously ruled, in Attorney General Opinion M-1109 (1972), that section 1, subsection (3) and sections 2 and 3 of article 3.50 are the only provisions of article 3.50 that apply to group insurance for state employees. Since subsection 3 of article 3.50 includes employees of all governmental units, it is reasonable to presume that the provisions of article 3.50 which have been interpreted as inapplicable to state employees, and in particular section 1, subsection 1(a), are inapplicable to employees of all governmental units. We conclude, therefore, that Dallas County may not legally pay premiums on a health and life group insurance policy for persons who have retired from the county and are eligible for benefits under the County and District Retirement System.

Your second question is a corollary to the first. The statute authorizing a county to provide group health and life insurance for its employees, article 3.51-2, empowers the county "to procure contracts." Payment of all or part of the premiums is left to the county's discretion. The basic right conferred is that of initiating the program. Even if a retiree pays his own premiums, Dallas County has not been authorized to include the retiree within its group insurance plans.

## SUMMARY

Dallas County may not legally pay premiums on a health and life group insurance policy for persons who have retired from the county and are eligible for benefits under the County and District Retirement System; even if the qualified retirees pay their own premiums, Dallas County may not legally pay the group insurance premium for persons employed by the county when the group rate for employed persons would reflect and partially be based upon losses sustained by persons in the retired category.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg