PULSE, GUARDIAN, ET AL. v. OSBORN, GUARDIAN.

[No. 3,749.    Filed May 23, 1902.    Rehearing denied October 8, 1902. Transfer denied March 18, 1903.]

WILLS.—*Construction.—Determinable Fee.—Tenants in Common.—Partition.*—Where real estate was devised to a daughter conditioned that in case of the death of the daughter before the death of the grandchildren of testatrix the property should go to the grandchildren, the daughter took a determinable fee, and upon her death the surviving grandchildren took the real estate as tenants in common.  *pp. 632, 633.*

IMPROVEMENTS.—*Occupying Claimant.—Owner of Determinable Fee.—Partition.*—The owner of a determinable fee in real estate is not an occupying claimant within the meaning of §1087. Burns 1901, and upon her death and termination of the fee, her administrator can not recover for improvements made by her upon the real estate.  *pp. 634, 635.*

SAME.—*Occupying Claimant.—Compensation.—Partition.*—The allowance of compensation for improvements in partition suits arises from the desire of the court to be just, and is not dependent upon the occupying claimant statute; and the fact that the owners of the real estate had no vested rights therein at the time the improvements were made will not preclude relief, where it appears that in good conscience, and as a matter of fair dealing, recompense should be made.  *pp. 635, 636.*

SAME.—*Partition.—Compensation.*—An answer in a partition suit alleging that defendant's guardian while the owner of the determinable fee in the real estate, and occupying the same, made valuable improvements upon the real estate with defendant's money, and demanding compensation therefor, is insufficient, where it is not shown that the ward was not repaid the sum so used, the refusal of the guardian to repay the same, or that the guardian's estate was insolvent.  *p. 636.*

From Decatur Circuit Court; *Douglas Morris*, Judge.

Suit for partition by John E. Osborn, as guardian of Culver M. Hillis, against John G. Pulse, guardian of Dwight Charlton, and others.  From a judgment in favor of plaintiff, defendants appeal.  *Affirmed.*

*J. K. Ewing* and *C. H. Ewing,* for apellants.
*Hugh ·Wickens* and *John E. Osborn,* for appellee.

ROBY, J.—Appellee, guardian, filed his complaint against appellants. A demurrer for want of facts was overruled. It is alleged in the complaint that Culver M. Hillis, appellee's ward, and Dwight Charlton, who, with his guardian, John G. Pulse, was made a defendant, were owners in fee simple as tenants in common of lot seventeen in block three in Ireland's addition to the city of Greensburg, each owning an undivided one-half thereof; that said lot was indivisible and that they both "are holding title" by virtue of that portion of the will of Catherine Black, deceased, which reads as follows, to wit: "First. I give and bequeath to my daughter Tillie A. Dills my house and lot in which I now live, subject to the conditions hereinafter stated. And I further direct that in case of the death of my daughter, Tillie A., before the death of my grandchildren, or either of them, all of her legacies given in any item of this will shall revert or descend to my surviving grandchildren, or either of them if the other is dead, to the exclusion of her surviving husband, if he survives her. If. either legatee dies his or her portion shall go to the survivor." That said Hillis and Charlton were and are the only grandchildren of said Catherine Black; that said Tillie A. Dills was then deceased; that Judson Dills, as administrator of her estate, and in his individual capacity was claiming an interest adverse to that of said Hillis and Charlton, and has no interest therein; that the lot mentioned in item one of·the will is the "same lot seventeen above described." Wherefore partition was prayed.

If the parties named were tenants in common the right to have partition was .conferred by the statute. §1204 Burns 1901. Whether they were such tenants depends upon· the provisions of the will applied to existing facts. The daughter, Tillie A. Dills, took, upon the death of the

testatrix, Catherine Black, a fee in the real estate described, subject to be defeated in event of her death occurring during the lifetime of any of the testatrix's grandchildren. The estate taken by her was more than a life estate. Such estate ends with the life upon which it depends. This one might have been of perpetual continuance. It was therefore a fee. It was liable to be determined by an event expressed in the instrument creating it. It was therefore a determinable fee. 1 Washburn, Real Property (6th ed.), §§167, 168; *Outland v. Bowen,* 115 Ind. 150-153, 7 Am. St. 420; *Green* v. *Wilson,* 108 Ind. 322-326.

Had the grandchildren died before the daughter, nothing in this land would have descended to their heirs. They had, until her death, no vested right. Their interest consisted of a naked possibility. That the possibility has since become an actuality in nowise affects the character of the estate devised. A controlling purpose of the testatrix seems to have been that the full benefit of this provision should be secured by any single grandchild surviving the daughter, Tillie A. Dills. "If either legatee dies, his or her portion shall go to the survivors," taken with the rest of the clause, means no more than a reaffirmance of this intent. Words of survivorship generally are considered to refer to the death of the testator. *Corey* v. *Springer,* 138 Ind. 506-510. Where there is an express or implied intention to fix another time, such intention will be given effect. *Corey* v. *Springer, supra,* at 510; *Wood* v. *Robertson,* 113 Ind. 323. The provision under consideration, according to the natural use of language, had reference to the death of Tillie A. Dills, and not to the death of the testatrix. *Coveny* v. *McLaughlin,* 148 Mass. 576, 20 N. E. 165, 2 L. R. A. 448; *Denny* v. *Kettell,* 135 Mass. 138; *Wood* v. *Bullard,* 151 Mass. 324, 25 N. E. 67, 7 L. R. A. 304.

The testatrix, is not presumed, in the absence of a clear expression to that effect, to have attempted to restrain indefinitely the alienation of real estate. Her intention was

to secure its enjoyment to the grandchildren surviving the daughter. The moment the contingency upon which they were to take occurred, the estate vested in the testatrix's grandchildren, Hillis and Charlton (Page, Wills, 670, 671), and they became tenants in common thereof. This construction accords with the spirit of the instrument and the policy of the law, which favors tenancies in common, and the speedy distribution of land. §3341 Burns 1901; *Johnson* v. *Johnson,* 128 Ind. 93. The demurrer to the complaint was properly overruled.

Judson Dills, administrator of the estate of Tillie A., by a separate answer, and also jointly with the other defendants, asked that he be repaid sums expended by his decedent in the improvement of said real estate. It is alleged that the value of the same was enhanced by said improvements to the amount of $1,300. Demurrers were sustained to these answers. They show that Tillie A. Dills, at the time the improvements were made, held said property under the provisions of the will above quoted, and she is therefore presumed to have had full knowledge of the conditions therein contained, and of her own title. She was not an occupying claimant, but the actual owner of the land. Section 1087 Burns 1901, enabling an occupying claimant, who has in good faith made valuable improvements upon land of which he is afterwards found not to be the rightful owner, to recover the value of said improvements, does not apply. In making these improvements she acted with her eyes open, and at her own peril. *Richwine* v. *Presbyterian Church,* 135 Ind. 80-85. She was not a life tenant, but so far as the right to recover the value of improvements made by her,—the estate having passed from her,—is concerned, the same rule applies that would apply had she been a life tenant. That which would have been in the one case always certain was in the other always possible. She used the property, and while she was not bound to make improvements, having made them, the present owners can not be

required to compensate her or her representatives therefor. *Miller* v. *Shields,* 55 Ind. 71; *Parish* v. *Camplin,* 139 Ind. 1, 15; *Clark* v. *Middlesworth,* 82 Ind. 240.

The principle is illustrated by *Bryan* v. *Uland,* 101 Ind. 477, in which purchasers from a childless second wife, of real estate of which at her death her husband's children by the prior marriage became forced heirs, were not permitted to recover on account of improvements made by them, they having knowledge of the fact that she was a childless second wife. Money invested in such improvements by Tillie A. Dills was voluntarily invested. No claim of other title than that conferred by the will is set up, and there was no error in the ruling upon the demurrers to these answers.

The separate answer of Pulse, guardian of Dwight Charlton, avers that in April, 1897, Tillie A. Dills, deceased, was the guardian of said Charlton, and occupying the property described in the complaint; that the deceased, Catherine Black, had departed life before said time; "that said Tillie A. Dills, with the moneys of this defendant's ward, made lasting and valuable improvements on said real estate, of the value of $1,000, and the value of said real estate was enhanced to that extent; that afterward, on the ——— day of October, 1898, the said Tillie A. Dills, mother and guardian of this defendant, died intestate." The allowance of compensation for improvements in partition suits arises from the desire of the court to be just, and is not dependent upon the occupying claimant's act, or any other statute. *Martindale* v. *Alexander,* 26 Ind. 104, 89 Am. Dec. 458; *Alleman* v. *Hawley,* 117 Ind. 532; *Peden* v. *Cavins,* 134 Ind. 494, 39 Am. St. 276; 3 Pomeroy, Eq. Jurisp. (2d ed.), §1389.

At the time the improvements are alleged to have been made, Hillis and Charlton were not tenants, nor in possession of the real estate. That fact does not of itself preclude relief, if it is made to appear that in good conscience,

and as a matter of fair dealing, the plaintiff should recompense the defendant on account thereof. Freeman, Cotenancy (2d ed.), §505; *Carver* v. *Coffman,* 109 Ind. 547; *Robinson* v. *Dickey,* 143 Ind. 205, 52 Am. St. 417.

The answer avers that the value of the real estate was enhanced by the improvements. It is not averred that they were necessary, nor that they were made by the directions or with the knowledge or consent of the plaintiff. Whether a cotenant is, on partition, where a sale of the premises has been had, entitled to be recompensed to the actual amount of present value thus added to the estate and fund, is a question not necessery to the decision of this case, and therefore not decided, although it has been argued. As bearing upon the proposition, see *Ward* v. *Ward,* 40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 449 and note, 52 Am. St. 911; *Moore* v. *Thorp,* 16 R. I. 655, 19 Atl. 321, 7 L. R. A. 731 and note; *Cooler* v. *Dearborn,* 115 Ill. 509, 4 N. E. 388; *Alleman* v. *Hawley, supra; Peden* v. *Cavins, supra; Lane* v. *Taylor,* 40 Ind. 495; *Harry* v. *Harry,* 127 Ind. 91; *Elrod* v. *Keller,* 89 Ind. 382; Freeman, Cotenancy (2d ed.), §511; Tiedeman, Real Property (2d ed.), §68.

It is sufficient to decide the case, that the answer under consideration fails to show such equity. It does not aver the making of improvements by the plaintiff. It does aver the making of improvements by his guardian, the then owner, with his money. It does not aver that such investment was unlawful or unauthorized, or that the guardian's estate is insolvent. No refusal or inability to make good the ward's fund is shown, nor, indeed, that the ward has not been repaid the sums so used.

The judgment directs the sale of the real estate described, and that the fund derived therefrom be held in trust until the death of one of the cotenants, and that it then be paid to the survivor. This order is based upon a partially incorrect construction of the item of the will above referred to. The error does not go to the extent of making the complaint

bad by restricting the plaintiff to the theory of that plead-
ing adopted by him. Appellants should have moved to
modify the judgment. *Evans* v. *State,* 150 Ind. 651;
*Western Union Tel. Co.* v. *State,* 147 Ind. 274. No such
motion was made. The evidence is not brought to this
court. No motion for a new trial was made, and the only
errors assigned are based upon the rulings upon the de-
murrers.

The judgment is affirmed, but, in the mutual interest of
the parties, leave is given to move for its modification
within thirty days after its certification to the circuit court.