## Riner, et al. v. Mrs. Ray Fallis in her own right and as administratrix with the will of V. S. Fallis, deceased.

(Decided June 22, 1917.)

### Appeal from Shelby Circuit Court.

Wills—Construction—Defeasible Fee.—A will which gives all of the real and personal property of a testator to his wife, but providing in case of her re-marriage the estate to go to his children, the wife to take a child's part only, the widow takes only a defeasible fee in the real estate and can not make an absolute conveyance without the concurrence of the children.

T. B. ROBERTS and BARRICKMAN & KALTENBACKER for appellants.

WILLIS, TODD & BOND for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Victor Flournoy Fallis died in July, 1915, a resident of and domiciled in Shelby county, and the owner of several tracts of land and a quantity of personal property. He left a will of date July 20, 1915, whereby he disposed of his entire estate, and this will is presented for construction. It reads as follows:

"Pleasureville, Ky., July 20th, 1915.

"I, Victor Flournoy Fallis, do hereby and herein, while my mind is perfectly clear, make this my last will and testament in which I make the following distribution of all of my real estate and personalty of every kind whatsoever, that is in my name and possession:

"First: All real estate, private and personal, and the policy in the New York Mutual Life Insurance Company is to go to my beloved wife, Ray Fallis. In case she is to marry, she is to receive a child's part, which is to be found out by a sale of what is left, which is to be equally divided making her one heir. The whole estate is to be equally divided between my Wife, George Fallis, Bernice Fallis (if Bernice Fallis should die without bodily heirs, her portion shall revert to the remainder of my personal heirs), Phillip Bennett Fallis, Lillie Fallis, Flournoy Victor Fallis, Jesse Ray Fallis, Naoma Fallis and Martha Elizabeth Fallis. If any one of the above mentioned heirs should die without a bodily heir or before the division of this property has been left by the mother, the remaining heirs are to receive it. I do hereby appoint Oscar B. Fallis, if yet alive, and if not Harbert T. Fallis administrator of this will after the death of Ray Fallis and in either case, without bond.

"VICTOR FLOURNOY FALLIS.

"Witnessed by
"OSCAR B. FALLIS,
"H. F. FALLIS,
"C. P. GOODWIN."

The proper execution of the will is not questioned. The testator possessed mental capacity to make a will and was not unduly influenced. Therefore, the sole question is the proper construction of the will.

On January 12, 1916, the widow, Mrs. Ray Fallis, in her own right and as administratrix with the will annexed of V. F. Fallis, deceased, executed and delivered to appellant, H. C. Riner, a contract in the nature of a title bond for a certain tract of land owned by V. F. Fallis at the time of his death and mentioned in the will, and she bound and obligated herself to make or cause to be made to Riner a good deed for the said land when the consideration of five hundred dollars should be paid. Riner also signed the contract. Afterwards Riner became dissatisfied with the title on account of the will, and declined to accept the deed of Mrs. Fallis to the land or pay the purchase price, claiming that Mrs. Fallis, under

the will, took only a life estate in the land, and did not possess the power to convey the land absolutely, as per her contract. This action was instituted by the widow, Mrs. Fallis, for a construction of the will; to enforce specific performance of the contract and the collection of the five hundred dollars, purchase money. Riner does not resist the payment of the money, provided the widow has power to and does convey good title to the property.

The lower court upon hearing entered a judgment, which is in part as follows: "Mrs. Ray Fallis by and under the terms of the will of her husband, in her own right has the power and authority to sell and make conveyance of all or any of the real and personal estate of which the decedent died seized and possessed, and can make good and sufficient title thereto, but it is further the judgment of the court that before receiving any of the money from the sale of any such real estate, she shall execute bond before the clerk of the court, with good and sufficient surety, conditioned that if she should remarry, that the funds collected from the sale of any real estate except one-ninth as hereinafter set out, will be paid to those entitled thereto under the will of V. F. Fallis."

Applying the recognized rules of construction of wills to the testamentary paper here under consideration, it is obvious that the testator, Victor Flournoy Fallis, intended to and did give, devise and bequeath all his real estate as well as personal property, including the life insurance policy, to his beloved wife, Ray Fallis. In case she should marry the widow was to receive a child's part, only, this portion to be ascertained by converting the entire estate left at the time of the marriage into cash and dividing the whole into nine equal parts. "The whole estate is to be equally divided between my wife, George Fallis, Bernice Fallis (if Bernice Fallis should die without bodily heirs, her portion shall revert to the remainder of my personal heirs), Phillip Bennet Fallis, Lillie Fallis, Flournoy Victor Fallis, Jesse Ray Fallis, Naoma Fallis and Martha Elizabeth Fallis."

The testator desired his beloved wife to have his entire estate, both real and personal, and the will when properly construed gives her the whole thereof, subject to her remarriage. It was, however, a defeasible fee subject to be defeated upon her remarriage, should this contingency happen. In such event the wife will receive and take only a child's part of what then remains of the

estate, which is a one-ninth interest in all of such property remaining only, the balance to' go to the eight children named in the will, in equal portions.

The only question involved is the power of the widow, Mrs. Ray Fallis, to convey the real estate described in the petition.

Can the holder of a defeasible fee convey the entire estate without the concurrence of those in the defeasance mentioned? We think not.

Such an estate is descendable and assignable and the owner, while his title continues, has the same right to the exclusive use and enjoyment of the land and has complete dominion over it for all purposes as though he held it in fee simple. The owner of a defeasable fee can not alone convey a perfect title to the property, and if he conveys in fee the determinable quality of the estate follows the transfer. Weed v. Woods, 71 N. H. 381; North Adams First Universalist Society v. Boland, 155 Mass. 171; 4th Kent Commentaries, 9; Commonwealth v. Pollitt, et al., 76 S. W. 412; 16 Cyc. 603.

It follows, therefore, that the widow, Mrs. Ray Fallis, was without power and authority, under the will, either individually or as administratrix with the will annexed of her husband, to sell and convey the tract of land in the petition mentioned, and the trial court erred in holding otherwise. The demurrer interposed to the petition by the guardian *ad litem*, should have been sustained by the trial court, because the widow was not entitled to the relief sought under the allegations of the petition. On a return of the case, the lower court may allow the appellee to amend her petition, if she so desires, to conform to the provisions of the Civil Code with reference to the sale of real estate of persons under disability for reinvestment, and allow the case prepared upon such amendment.

The judgment is, therefore, reversed for proceedings consistent with this opinion.