## WATSON v. TRACY ET AL.

[No. 10,925. Filed December 20, 1921.]

1. WILLS. — *Construction.* — *Devise Over on Primary Devisee's Death.*—The rule, that where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator, coupled with a devise over in case of the primary devisee's death without issue, the words refer to a death without issue during the lifetime of the testator,·and that the primary devisee surviving the testator takes an absolute estate in fee simple, applies only where the testator omits to state the time when the contingency in which the real estate shall go to others must happen. p. 165.

2. WILLS. — *Construction.* — *Devise Over on Primary Devisee's Death.* — *Estates Created.* — *Determinable Fee.* — Where a will provided that, if devisee should "die at any time either before or after my death, leaving no child or children or descendants of any child or children surviving her at her death, then I give" the land to certain named persons, the devisee received only a qualified or determinable fee. p. 166.

3. ESTATES.—*Determinable Fee.*—*Estate of Inheritance.*—A determinable estate is one of inheritance, but the heirs of a person dying seized of such estate take it burdened with the limitations fixing its character, and this continues until title is devised by the happening of the specified contingency, or the estate is released therefrom by such happening becoming impossible. p. 168.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by Gertrude V. Watson against Leo C. Tracy and others. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*William E. Deupree, L. Ert Slack* and *George G. Rinier,* for appellant.

*Featherngill & Drybread,* for appellees.

BATMAN, P. J.—Appellant filed her complaint against appellees to quiet her title to certain real estate. The several demurrers of appellees thereto were sustained. Appellant refused to plead further, and judgment was thereupon rendered against her for cost. These rulings of the court are assigned as errors, and form the basis

of this appeal.   The complaint is in a single paragraph and alleges in substance, among other things, that Mathew J. Tracy, the grandfather of appellant, executed his last will on October 5, 1909, and a codicil thereto on January 27, 1916; that he died on May 13, 1917, the owner of the south half of the southwest quarter of section fifteen, township thirteen north, range four east, containing eighty acres more or less; that said will and codicil were duly admitted to probate in the proper court on June 30, 1917, and by the terms of the former said real estate was devised to her; that two of the appellees are her children, one having been born June 6, 1914, and the other on January 26, 1916; that two of the appellees are the children of their co-appellee Leo C. Tracy, one having been born on September 11, 1916, and the other on May 2, 1919; that appellees Louis F. Tracy and James B. Tracy are the sons of said testator, and the remaining appellees are their children; that by the terms of said will appellant is the owner of the above described real estate in fee simple, and entitled to have her title thereto quieted against all of the appellees. Copies of said will and codicil were made parts of said complaint.   The provision of the will on which appellant relies for her title reads as follows:

"ITEM III.   I give, devise and bequeath to my granddaughter, Gertrude V. Watson on the terms and conditions hereinafter set forth the following described real estate in Johnson County, Indiana, to-wit:   The south half (½) of the southwest quarter (¼) of section fifteen (15), township thirteen (13) north, range four (4) east, containing eighty (80) acres, more or less.   And provided that this bequest shall be subject to a charge in the sum of seven hundred fifty (750) dollars against said real estate in favor of my grandson, Leo C. Tracy, which sum shall be paid to said Leo C. Tracy by the said Gertrude V. Watson.   And provided further that if my said granddaughter shall die at

any time either before or after my death, leaving no child or children or the descendants of any child or children surviving her, at her death, then I give, devise and bequeath the above described real estate to my grandson, Leo C. Tracy, if he shall then be living.   And if my said granddaughter, Gertrude V. Watson shall die at any time, either before or after my death, leaving no child or children or the descendants of any such child or children surviving her at the time of her death and the said Leo C. Tracy shall not be living at the death of said Gertrude V. Watson and shall have left no descendant or descendants surviving him then I give, devise and bequeath the above described real estate to my sons, Louis F. Tracy and James B. Tracy, share and share alike or to their descendants.   Their descendants to take jointly the share their father would take if living."

Item IV of the will is the same as item III, except that it describes different land, names Leo C. Tracy as the devisee thereof, contains the name of appellant, where the name Leo C. Tracy appears in item III, and makes no mention of any charge against the land therein devised.   The above named codicil contains nine items, one of which annuls the provision in item III of the will, with reference to the charge in favor of Leo C. Tracy against the land thereby devised to appellant.

The correctness of the court's rulings on the several demurrers to the complaint requires a construction of the third item of the will of Mathew J. Tracy, 1. deceased, set out above.   Appellant asserts that it should be so construed as to give her an absolute fee simple estate in the land in question.   It is apparent, however, that this cannot be done, if effect is given to the provisions subjoined to the devising clause of said item.   We cannot refuse to give such provisions effect under the rule approved in the case of *Fowler* v. *Duhme* (1896), 143 Ind. 248, 42 N. E. 623, "That where real estate is devised in terms denoting an intention

that the primary devisee shall take a fee on the death of the testator, coupled with a devise over, in case of his death without issue, the words refer to a death without issue during the lifetime of the testator, and that the primary devisee, surviving the testator, takes an absolute estate in fee simple," as such rule only applies where the testator omits to state the time when the contingency in which the real estate devised shall go to others must happen. When this occurs the law supplies the omission by holding that the time shall be directed to a period before the testator's death, as stated on page 278 of the opinion in the case above cited. It will be observed that the testator in the instant

2. case has not omitted to state when the contingency, in which the real estate devised shall go to another, must happen, but has expressly provided in said item III, that it may happen "either before or after my death." In such event there is nothing left for the law to supply, and the expressed intention of the testator must be given effect. *Pulse* v. *Osborn* (1902), 30 Ind. App. 631, 64 N. E. 59; *Quilliam* v. *Union Trust Co.* (1921), (Ind. App.) 131 N. E. 428, and cases cited. Appellant contends, however, that even if the rule above quoted is not applicable, she must nevertheless be held to have an absolute fee simple estate in the land in question, because such subjoined provisions are void. She bases this contention mainly on the ground, that they cannot be reconciled with the clear major intentions of the testator, and cites authorities to the effect, that it is the duty of the court to ascertain the intention of a testator, as expressed by his will considered as a whole, and give it effect, when this can be done without contravening some principle of public policy, or some inflexible or unyielding rule of law. We are in full accord with these authorities, but are not able to find any intention expressed in the will that cannot be given full

effect, and at the same time give force to the provisions in question. Appellant asserts that the manifest intention of the testator was, that her children should take the land at her death, if such there be, but as he failed to create a remainder in them, they will be deprived of the land at her death if the provisions in question are held valid. We cannot agree with appellant that the will shows that the testator intended to give her children any interest in the land in controversy. On the other hand it clearly shows that they were not to have any interest therein, unless she retained the interest devised to her until her death, and they survived her, in which event they would take an interest therein by virtue of the laws of descent. This result will not be defeated, but fully accomplished, if the provisions in question are given full effect as written. We are led to this conclusion by a consideration of the kind of an estate created in appellant by the third item of the testator's will, which we hold to be a base, qualified or determinable fee. Such an estate is recognized in Indiana, *Pulse* v. *Osborn, supra; Mendenhall* v. *First New Church, etc.* (1912), 177 Ind. 336, 98 N. E. 57; *Coquillard* v. *Coquillard* (1916), 62 Ind. App. 426, 113 N. E. 474; *Quilliam* v. *Union Trust Co., supra; Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914. In the case last cited the court quotes with approval the following definition of such an estate:

A determinable estate is an "interest which may continue forever but the estate is liable to be determined * * * by some act or event, circumscribing its continuance or extent. Though the object on which it rests for perpetuity may be transitory or perishable, yet such estates are deemed fees, because, it is said, they have a possibility of enduring forever. A limitation * * * till the marriage of B; or so long as St. Paul's Church shall stand * * * are a few of the many instances

* * * in which the estate will descend to heirs, but continue no longer than the period mentioned in the respective limitations, or when the qualification annexed to it is at an end. If the event marked out as the boundary to the time of the continuance of the estate becomes impossible, as by the death of B before his marriage, the estate then ceases to be determinable, and changes into a simple and absolute fee. * * * It is the uncertainty of the event, and the possibility that the fee may last forever, that renders the estate a fee, and not merely a freehold. All fees liable to be defeated by an executory devise, are determinable fees, and continue *descendible inheritances* until they are discharged from the determinable quality annexed to them, either by the happening of the event, or a release." (Our italics.)

It will be observed from the foregoing definition that such an estate is one of inheritance. This is one of its well-recognized incidents. 21 C. J. 924; 10 R. C. L. 649 and 652; 11 Am. & Eng. Ency. of Law (2d ed.) 366; *Coquillard* v. *Coquillard, supra; Alsman* v. *Walters* (1914), 184 Ind. 565, 106 N. E. 879, 111 N. E. 92; *Riner* v. *Fallis* (1917), 176 Ky. 575, 195 S. W. 1102; *Pond* v. *Douglass* (1909), 106 Me. 85, 75 Atl. 320; *Farnsworth* v. *Perry* (1891), 85 Me. 447, 22 Atl. 373. The heirs of a person dying seized of such an estate take the same, however, burdened with the limitation fixing its character. This will continue until title is divested by the happening of the specified contingency, or the estate is released therefrom by such happening becoming impossible. In the latter event the estate will be converted into a fee simple absolute. 21 C. J. 923. In the instant case the death of appellant, leaving a child or children or their descendants surviving her, will constitute an event, under the provisions of the will of the testator, which will render the happening of the contingency named therein impossible, and

will effect a release from the limitation imposed upon the estate created thereby, and if she has not parted with the interest in the land devised to her, such event will confer an absolute fee simple estate therein on her heirs. This will effect the same result as if appellant had prevailed in this action, and retains her interest in said land until her death. For the reasons stated we hold that the court did not err in sustaining the several demurrers of appellees to the complaint.

Judgment affirmed.