**CITY OF GARY, Indiana, and City of Gary, Indiana Fire Department, Defendants–Appellants,**

v.

**Joseph BELOVICH and Bernice Belovich, Plaintiffs–Appellees.**

No. 64A03–8804–CV–116.

Court of Appeals of Indiana, Third District.

Sept. 25, 1989.

Gilbert King, Jr., Corp. Counsel, Robert D. Rucker, City Atty., Gary, for defendants-appellants.

James J. Nagy, Munster, for plaintiffs-appellees.

GARRARD, Presiding Judge.

In a prior appeal, *City of Gary v. Belovich* (1987), Ind.App., 504 N.E.2d 286, *rehearing denied,* this court determined that the appellees (Belovichs) had secured valid title to the real estate here in question. When that decision became final it became the law of the case and became binding on the present appeal. *See, e.g., Wabash Twp. v. Cooper* (1943), 221 Ind. 304, 47 N.E.2d 611; *New York Life Ins. Co. v. Kuhlenschmidt* (1941), 218 Ind. 404, 33 N.E.2d 340.

After remand Belovichs filed a complaint asserting that the city's continued use of the real estate constituted inverse condemnation, that the city's recording of its previously unrecorded deed constituted slander of title, and that (in the absence of condemnation) they were entitled to ejectment and damages. In partial response the city counterclaimed that it was entitled to the value of the improvements situate upon the real estate by virtue of the Occupying Claimants Statute, IC 34–1–49–1 *et seq.*

The trial court granted summary judgment on the claim of inverse condemnation and entered its order appointing appraisers. *See* IC 32–11–1–12. It dismissed the counterclaim. The city appeals both determinations. We affirm.

■ The undisputed evidence is that the city has and is using the property in question as a fire station. Indisputably, it has the power of eminent domain and such a use is an appropriate basis for the exercise of that power. The city attempts to avoid the consequences of these undisputed facts by asserting that Belovichs had actual knowledge of the city's use when they purchased the property. That attempt must fail because it seeks to relitigate the issue

of whether Belovichs acquired ownership that was decided in the former appeal. The trial court correctly granted summary judgment on the claim of inverse condemnation.

■ The city contends it was error to dismiss its claim under the Occupying Claimant's Statute, IC 34-1-49-1 *et seq.* We disagree.

The undisputed facts establish that the city constructed the improvements which are the subject of its counterclaim during the period between December 20, 1973 and late 1974. At that time the city held valid title to the real estate through the deed received from the Mravcas in 1970. The Belovichs purchased the property at tax sale, and received their deed in December, 1984.

The Occupying Claimant's Statute is designed to afford relief where an occupant having only color of title makes improvements to land under the belief that it is his and then learns that someone else is in truth the owner. It has no application where a true owner makes improvements and then subsequently loses his ownership through operation of law. *Pulse v. Osborn* (1902), 30 Ind.App. 631, 634, 64 N.E. 59.

Similarly, the statute has no application here. When the improvements were made by the city it was, in fact, the fee simple owner of the real estate, at least so far as any claim involving the Belovichs is concerned. *Schmidt v. Zahrndt* (1897), 148 Ind. 447, 47 N.E. 335 (recording deed not necessary to convey title).

It subsequently lost its title by virtue of the tax sale but that sale conveyed its interest in both the real estate and the improvements. There is nothing for the Occupying Claimant's Statute to operate on. It was therefore not error to dismiss the counterclaim.

Affirmed.

STATON and HOFFMAN, JJ., concur.