**William C. KOLLEY and Barbara L. Kolley, Appellants,**

v.

**Howard L. HARRIS and Verna M. Harris, Appellees.**

**No. 63A04–8808–CV–280.**

Court of Appeals of Indiana, Fourth District.

April 23, 1990.

---

David O. Kelley, Boonville, for appellants.

Rodney H. Grove, Evansville, for appellees.

CHEZEM, Presiding Judge.

*Case Summary*

Plaintiffs–Appellants, William and Barbara Kolley (Kolleys), appeal an entry of summary judgment against them on their complaint for damages. They further appeal a judgment against them, after a jury trial, in the amount of Sixteen Thousand Forty Dollars ($16,040) in favor of Defen-

dants–Appellees, Howard and Verna Harris (Harrises), on the Harrises' counterclaim. The Harrises appeal the entry of a judgment on the evidence with respect to a portion of their counterclaim. We affirm in part and reverse in part.

*Issues*

The parties raise six (6) issues on appeal. We restate the issues as follows:

I.   Whether the entry of summary judgment in favor of the Harrises on the Kolleys' complaint for damages was proper.

II.   Whether the jury verdict on Count III of the Harrises' counterclaim was excessive, unsupported by and contrary to the evidence, and contrary to the law.

III.   Whether the trial court erred in granting the Kolleys' motion for judgment on the evidence at the close of the Harrises' case, with respect to Counts I and II of the counterclaim.

IV.   Whether the trial court erred in admitting several of the Harrises' exhibits during the trial by jury.

*Facts*

In the Spring of 1984, the Harrises entered into a Conditional Sales Contract with the Kolleys to purchase real property. During the time the Harrises lived on the property, the Harrises spent a substantial amount of money to make improvements to the real estate.

The Harrises subsequently defaulted on their payment obligation to the Kolleys. The Kolleys filed an action in the Warrick Superior Court, Small Claims Division (Small Claims Court) to eject the Harrises from the premises. The parties entered into an agreed judgment in that proceeding, in which the Harrises agreed to leave the premises.

Upon entering the premises following the Harrises' departure, the Kolleys alleged they found the property damaged. Also, many projects which the Harrises started were not completed; the Kolleys were required to make the necessary repairs. The Kolleys subsequently filed suit in the Warrick Superior Court for damages to the property. The Harrises counterclaimed alleging the following theories of recovery:

(1) The Kolleys "wrongfully ejected" the Harrises from the premises;

(2) The Kolleys were liable to the Harrises since they declared the Harrises' interest in the real estate a forfeiture, rather than foreclosing their interest through a foreclosure proceeding; and

(3) The Kolleys were liable under the Occupying Claimants Statute to the Harrises for sums expended by the Harrises for improvements made to the real estate.

The Harrises filed a motion to dismiss the Kolleys' complaint, pursuant to Ind.Trial Rule 12(B)(6). The Harrises claimed that the Kolleys' cause of action was barred by res judicata, since a judgment had already been obtained in the Small Claims Court. The trial court sua sponte, without notice to the parties, treated the 12(B)(6) motion as a motion for summary judgment and entered judgment against the Kolleys on their complaint.

The language of the judgment contained the language set forth in T.R. 54 to indicate that a final judgment, as opposed to an interlocutory order, had been entered. The Kolleys then instituted an appeal to this Court under cause number 63A01–8702–CV–29.

The next series of events is unclear because the office of the Clerk of the Supreme Court and Court of Appeals destroyed the original file. Although portions of the file have been preserved on microfilm, some documents have been lost.

On April 6, 1987, this Court suspended consideration of that appeal until such time as the Harrises' counterclaim had been determined. Two days later, the Court granted the Kolleys an extension of time within which to file the record with this Court. The file contains neither a request, nor a statement to explain why an extension would be necessary in the face of the April 6 order.

Subsequently, there were a series of extensions of time. On January 19, 1988, this Court entered an order granting a *final*

extension of time within which to file the record. On February 8, 1988, the Kolleys filed a motion to reconsider the January 19 order; this motion was granted, and the Kolleys were given until April 25, 1988 to file the record.

The record was never filed in that action, and on May 31, 1988, the clerk summarily dismissed the cause pursuant to Ind.Appellate Rule 3. Although the reason for the entry is unclear, on June 22, 1988, the clerk made an entry noting that any further pleadings would be found in the present cause.

While the first appeal was making its circuitous path to nowhere, the Harrises' counterclaim was brought to trial. At the close of evidence, the Kolleys moved for judgment on the evidence on all counts of the counterclaim. The trial court granted the Kolleys' motion as to Counts I and II. Count III was submitted to the jury. The jury returned a verdict for the Harrises in the amount of Sixteen Thousand Forty Dollars ($16,040).

### Discussion and Decision

We initially note that our task has been difficult due to the unusual record and circuitous briefs provided by counsel. Nonetheless, we reached the merits of this case in spite of the confused nature of these proceedings because of the need of the parties to have this court render a decision in their cause.

### I

▮ The Harrises argue that the Kolleys waived the issue of the propriety of the trial court's entry of summary judgment because the Kolleys failed to file the record in a timely manner in the first appeal and failed to seek relief from the dismissal entered on their first appeal. We disagree.

This Court's April 6, 1987 order suspended any further consideration of that matter until resolution of the counterclaim in the trial court, pursuant to App.R. 4(E). That order was never vacated or rescinded, but remained a standing order in the case. Therefore, any activity in the case subsequent to the order, but prior to the determi-

nation of the counterclaim, was nullity. As a result, the dismissal does not preclude the Kolleys from asserting their appellate rights.

▮ The Kolleys argue that the trial court's granting of summary judgment was erroneous because the trial court did not provide the parties with notice that it intended to treat the motion as a motion for summary judgment.

We agree with the Kolleys that the trial court failed to give the parties reasonable notice that it intended to treat the motion as one for summary judgment. T.R. 12(B)(8) reads in relevant part as follows:

If, on a motion, asserting the defense number (6), to dismiss for failure of a pleading to state a claim for which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *In such case all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

*Id.* (emphasis added). Here, the parties were not given reasonable notice; the trial court did not inform the parties of its intention to treat the motion as a motion for summary judgment until it ruled on the motion. Thus, the entry of summary judgment was erroneous.

### II

The Kolleys next argue that the jury verdict on Count III of the Harrises' counterclaim was excessive, unsupported by and contrary to the evidence, and contrary to the law. Count III alleged a cause of action under the Occupying Claimant's Statute found at I.C. 34-1-49-1, *et seq.* Section 1 of that statute reads as follows:

When an occupant of land has color of title thereto, and is afterwards, in the proper action, found not to be the rightful owner thereof, no execution shall issue to put the plaintiff in possession of the property after the filing of the complaint hereinafter mentioned, until the

provisions of this chapter are complied with.

*Id.*

Section 8 of the statute defines color of title as follows:

Any occupant of land who can show a connected title in law or equity, derived from the records of any public office, or who holds the same by purchase or descent from any person claiming title derived as aforesaid or by deed duly recorded, has color of title, within the meaning of this chapter.

*Id.*

The Kolleys argue that under the contract, the Harrises would not have acquired title to the premises until after the terms of the contract had been satisfied. Consequently, the Harrises did not possess the premises under color of title as defined by the above section; thus, the Occupying Claimants Statute does not apply.

■ The Harrises argue that, under *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, conditional sales contracts for the sale of real estate vest equitable title in the vendee; since the statute expressly includes equitable title, the statute applies to this case. We read *Skendzel* to vest equitable title in this case in spite of the contract clause providing otherwise.[1]

■ Although the statute does include equitable title, we do not agree with the Harrises' conclusion that the statute includes conditional sales contracts. The import of the statute is found in Section 1 where the statute includes an occupant *"found not* to be the rightful owner thereof." We interpret the statute to include owners who never really had title, either legal or equitable, even though they believed, in good faith, that they did. Such a definition does not include title which is defeasible. Here, the Harrises were the rightful owner of equitable title which was defeasible by the failure to perform the terms of the contract. Therefore, the Har-

rises do not have a cause of action under this statute.

We find support for our holding in a prior decision of this Court which held that a holder of an estate in land which was defeasible upon the occurrence of a condition subsequent could not recover under the Occupying Claimants Statute. *Pulse v. Osborn* (1902), 30 Ind.App. 631, 64 N.E. 59. Judge Roby wrote as follows:

... [A]t the time the improvements were made, [the owner] held said property under the provisions of the will ... and she is therefore presumed to have full knowledge of the conditions therein contained, and of her own title. She was not an occupying claimant, but the actual owner of the land. [The Occupying Claimants Statute] does not apply. In making these improvements she acted with her eyes open, and at her own peril.

*Id.*, 30 Ind.App. at 634, 64 N.E. at 61 (citations omitted).

### III.

In their cross-appeal, the Harrises claim the trial court erroneously entered judgment on the evidence against Counts I and II of their counterclaim against the Kolleys.

■ First, the Harrises claim that since the Small Claims Court lacked jurisdiction to eject them from the premises, the Kolleys should be liable under a theory of "wrongful ejectment." The Harrises do not support their proposed cause of action with any citation to authority or with cogent argument. Accordingly, their argument is waived. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 80; *Baesler's Super-Valu v. Indiana Commissioner of Labor* (1986), Ind.App., 500 N.E.2d 243, 249.

The Harrises next claim that the Kolleys should be liable for declaring a forfeiture of the Harrises' interest in the premises, rather than seeking a foreclosure as required by *Skendzel.* In that case, the Supreme Court determined that where a for-

---

**1.** The conditional sales contract used in this case stated that no title, legal or equitable, would pass to the buyer by virtue of the con-

tract until the Harrises fully complied with the terms of the contract.

feiture is disproportionate to the actual loss incurred by the vendor, the vendee's interest must be foreclosed in a procedure similar to a mortgage foreclosure. *Id.* 301 N.E.2d at 645–646.

Contrary to the Harrises' assertions on appeal, the Harrises' counterclaim did not request foreclosure, or seek damages from the Kolleys for their failure to seek foreclosure rather than forfeiture. The Harrises' counterclaim sought the equitable remedy of rescission. The Harrises alleged that since the Kolleys wrongfully declared a forfeiture and wrongfully retook possession of the premises, the Kolleys had elected to rescind the contract; therefore, the trial court should order the Kolleys to return the funds paid to them pursuant to the terms of the contract.

■ A party may not present his case on a certain and definite theory of relief at trial and then change his theory on appeal. *Thompson v. Public Service Co. of Indiana, Inc.* (1986), Ind.App., 499 N.E.2d 788, 791. Thus, the Harrises have waived this issue.

### IV.

As a result of our decision on the first three issues, we do not address the fourth issue of admissibility of evidence.

In summary, we reverse the trial court's entry of summary judgment in favor of the Harrises on the Kolleys' complaint. We reverse the trial court's denial of the Kolleys' motion for judgment on the evidence on Count III of the Harrises' counterclaim and set aside judgment rendered thereon. Further, we affirm the trial court as to entry of judgment on the evidence as to Counts I and II of the Harrises' counterclaim.

CONOVER and BAKER, JJ., concur.