Alice I. GAINER, Frank E. Gainer, Appellants (Plaintiffs Below),

v.

Katie F. BROWN, and John W. Franklin, as Guardian of Katie F. Brown, and Meddie J. Demmings, Sr., and Wife, William F. Buckley, as Treasurer of Marion County, Indiana, and Curtis Conrod, as Auditor of Marion County, Indiana, Appellees (Defendants Below).

No. 49A02–8812–CV–459.

Court of Appeals of Indiana, Second District.

Aug. 20, 1990.

John O. Moss, Robert G. Mann, Indianapolis, for appellants.

Thomas J. Ruble, Indianapolis, for defendant-appellee Meddie J. Demmings, Sr.

Dale R. Simmons, Asst. Corp. Counsel, City–County Legal Div., Indianapolis, for defendants-appellees Treasurer and Auditor of Marion County.

SHIELDS, Presiding Judge.

Alice and Frank E. Gainer [Gainers] appeal the judgment of the trial court quieting title in Meddie J. Demmings, Sr. [Demmings] to real estate the Gainers were purchasing on contract from Katie F. Brown and her Guardian, John W. Franklin [Brown], and awarding rents to Demmings and the balance due on the land contract to Brown. Demmings held a tax deed to the real estate following its sale by the Auditor

of Marion County, Indiana [Auditor] for delinquent real estate taxes.

We reverse in part and affirm in part.

## ISSUE

Whether the Gainers, as purchasers of real estate under a recorded contract of sale, are entitled to notice of an impending tax sale.

## FACTS

The Gainers entered into a contract to purchase real estate commonly described as 911 West 25th Street, Indianapolis, Indiana [25th Street property] from Brown on August 18, 1980. The purchase price was $9,900 plus 10% interest per annum, payable $100 per month. The contract provided the Gainers were to pay the real property taxes commencing with the taxes for the year 1980, due and payable in the year 1981. Brown was required to forward all tax statements to the Gainers. However, the contract included a provision, added by the Gainers, that "Purchasers may request taxing authorities to mail tax statements directly to them." Record at 130. Gainers made no such request. In 1980 the 25th Street property had a partial disabled veteran's deduction exemption as a result of which no taxes were due. The land contract was recorded in the Office of the Recorder of Marion County on the day it was executed.

However, the recorded contract contained the current mailing addresses of both the Gainers and Brown, neither of whom lived on the 25th Street property.

At all relevant times the owner of the real estate was shown on the records of the township assessor[1] and the Auditor as Brown at the 911 West 25th Street address. When taxes which accrued on the 25th Street property were not paid, the real estate was placed in the August 13, 1985 tax sale. Notices of the sale were ad-

dressed to Brown at the 25th Street address and sent by certified mail on June 23, 1984 and June 21, 1985. The letters containing the notices were returned to the Auditor with the notation, "Addressee unknown." Record at 281, 283. The real estate was purchased by Demmings, who was issued a tax certificate by the Auditor. Notice of the impending delivery of a tax deed was posted by certified mail to Brown, again at the 25th Street address, on June 24, 1987. It was also returned, marked "Addressee unknown." Record at 285. Demmings received a tax deed to the property on August 24, 1987, after the expiration of the redemption period.

Neither Brown nor the Gainers received any statements for real estate taxes on the subject property.

Demmings and Brown's conflicting demands with reference to the subject real estate led the Gainers to file a denominated action for interpleader. The named defendants were Demmings, Brown, the Auditor, and the Treasurer of Marion County. Included with Demmings' response was a claim for rents had and received from the date of Demmings' tax deed. Demmings also sought to quiet his tax title in the 25th Street property while Brown sought the balance due under the real estate contract from the Gainers.

The relevant portions of the trial court's judgment are as follows:

1. That all statutory requirements were met with respect to the Sheriff's sale where Defendant, Meddie Demmings, Sr., purchased the property which is the subject of this lawsuit.

2. That the defendant, Meddie Demmings, Sr., should be granted Judgment on his counterclaim against the Plaintiffs, and on his cross-claim against the Defendants, Katie F. Brown and John W. Franklin.

---

1. In relevant part IC 6–1.1–5–9 (1988) reads: [In] all civil townships in which a consolidated city is situated, the township assessor has the duties and authority described in sections 1 through 8 [IC 6–1.1–5–1—6–1.1–5–8] of this chapter. These duties and authority include effecting the transfer of title to real property and preparing, maintaining, approving, correcting, indexing, and publishing the list or record of, or description of title to, real property.

3. That Judgment is hereby entered in favor of Defendant Meddie Demmings and against the plaintiffs in the amount of $2,421.90. This sum represents the amount of rents paid by a tenant living in the subject property from August 24, 1987 to the date of trial, less the cost of certain improvements made by the Plaintiffs, plus a tenant's deposit of $200.00 presently in Plaintiff's possession.

4. That the Court also enters Judgment in favor of the Defendant, Meddie Demmings, as to his cross-claim against Katie Brown and John W. Franklin, and hereby finds that Demmings is the true and lawful owner of said property, and that the title on said property shall be quieted in him as to the Defendants Brown and Franklin, or any other person claiming an interest in said property.

5. That Judgment should be entered in favor of the Defendants Katie F. Brown and John W. Franklin on their counter-claim against the plaintiffs for the unpaid balance of the land contract in the amount of $4,913.69, plus interest at the rate of 10% per annum.

Record at 91–92. Only the Gainers appeal.

### DISCUSSION AND DECISION

#### I.

The Gainers claim the tax sale and tax deed are void as to them because they were not given notice of the tax sale or notice of intent to issue a tax deed, to both of which they were entitled as owners of a substantial property interest in the 25th Street property. They assert that "the Law required that persons who hold substantial interest of public record in Real Estate be given notice [of the pending tax sale]," citing *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180.

Auditor and Demmings claim the Gainers waived this argument because their complaint did not seek to have the tax sale and tax deed set aside and did not assault the constitutionality of the Indiana statutes followed by the Auditor.

The Gainers' complaint set forth an action for interpleader, alleging that the Auditor sold the 25th Street real estate at tax sale, that the Gainers had an interest in the real estate by virtue of a contract of sale, that Brown and Demmings had adverse claims to the property, and that Brown contended the tax sale was void. The complaint concluded with the prayer that the parties be required to assert their claims against each other and against the Gainers. Thus, Auditor and Demmings are correct in claiming the complaint, as filed, did not specifically assert a claim by the Gainers to void the tax sale as to them. However, the complaint placed the Auditor and Demmings on notice that the Gainers were asserting they had a continuing, valid interest in the real estate regardless of the tax sale and the conflicting claims of the defendants.

Furthermore, during the course of the proceedings, the Auditor and Demmings were given specific notice the Gainers sought to have the tax sale declared invalid as to their interest. During the Gainers' opening statement at a preliminary hearing, the Gainers' counsel stated: "[The Gainers] have a valid contract that at the time that the Demmings took whatever title they got from the Auditor, they took it subject to the contract of the Gainers, which was recorded and which served as notice to them of the existence of the claim of the Gainers." Record at 115. During their opening statement at the trial on the merits the Gainers asserted: "So the Gainer's [sic] contention is also upon investigation that the sale was void. No notice was sent to them." Record at 196–197. Also, Frank Gainer was asked during his direct examination: "And are you asking the Court to hold the tax sale to be annullity [sic] as far as it has any application to you and your rights under the contract?" Record at 232. He responded in the affirmative. Other similar assertions appear in the record. None of the defendants, including Auditor and Demmings, objected to the Gainers' assertions of the tax sale's invalidity as to their interest. In fact, during his opening statement at the preliminary hearing, Demmings stated: "Mr. and

Mrs. Gainer come into Court and want to say that because they didn't get notices for some reason or other that this tax sale should be voided. And that their interest should be protected. They said that because there was a recorded contract that this should have served notice to the Auditor." Record at 120–21.

Thus, throughout the proceedings, it is apparent the Gainers were proceeding on the theory the tax sale was void as to them. Evidence relevant to that theory was received in evidence without objection. At no time did Auditor or Demmings request a continuance. Therefore, we must conclude the question was tried by the implied consent of the parties and, therefore, will be treated as if it had been raised in the pleadings. *Patton v. State* (1989), Ind. App., 537 N.E.2d 513; *Dotlich v. Dotlich* (1985), Ind.App., 475 N.E.2d 331; Ind.Trial Rule 15(B).

■■■ Auditor and Demmings properly note the Gainers did not assert the unconstitutionality of the tax sale statutes in effect and followed in the sale of the subject real estate. The Gainers claim was that under existing case law, they were entitled to notice regardless of the statute or because the statutory requirement of notice to "owners" included them as equitable owners. In other words, the Gainers' apparent theory was to assert they were entitled to notice under general principles of due process or because they were "owners" within the meaning of the term in the statute mandating notice. These claims are recognizable without a direct constitutional attack. Therefore, we proceed to consider the Gainers' argument on its merits. We conclude that under *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, the trial court erred in enforcing the tax sale against the Gainers' interest under a recorded contract of sale. The Auditor's failure to provide the Gainers with notice of the tax sale

proceedings violated the Due Process Clause of the Fourteenth Amendment.[2]

Indiana law provides for the sale of real property on which payments of property taxes have been delinquent for 15 months or longer. IC 6–1.1–24–1 *et seq.* The successful bidder at such a sale receives a tax sale certificate and a lien against the property for the entire amount paid. IC 6–1.1–24–9. The tax sale is followed by a two-year redemption period during which one who has an interest in the property may redeem the property. IC 6–1.1–25–1. If no one redeems the property during the redemption period, the purchaser may apply for a deed to the property. The county auditor is required by statute, upon receipt of the tax sale purchaser's certificate, to execute and deliver a tax deed to the purchaser. IC 6–1.1–25–4.

The statutes in effect at the relevant times required notice of the impending tax sale only to "owners" and "mortgagees," if requested, and notice of the impending tax deed only to "former owners." These statutes read:

> [T]he county auditor shall send a notice of the sale by certified mail to the owner or owners of the real property at their last known address.

IC 6–1.1–24–4(a) (1982).

> [T]he county auditor shall send a notice of sale to any mortgagee of real property ... if the mortgagee, annually ... has:
> (1) requested ... notice....

IC 6–1.1–24–4.2(a) (1982).[3]

> The county auditor shall send a notice by certified mail to the former owner of real property not more than sixty (60) days nor less than thirty (30) days before a tax deed for the property is executed and delivered under this chapter.

IC 6–1.1–25–6 (1982).

In *Mullane v. Central Hanover Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 the Supreme Court stated:

---

**2.** Because we reverse on this ground we do not reach the question of the Gainers's entitlement to notice of the pending delivery of the tax sale deed. However, *Calhoun v. Jennings* (1987), Ind., 512 N.E.2d 178 is instructive on that issue.

**3.** IC 6–1.1–24–4.2(a) was amended, effective March 11, 1986, to require notice to "all mortgagees or other persons having a substantial property interest of public record that would be affected by the sale of real property" by certified mail to the affected party's last known address. P.L. 60–1986, Sec. 4.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

339 U.S. at 314, 70 S.Ct. at 657. In *Mullane* the Court held published notice of judicial settlement constituted insufficient notice to those beneficiaries of a common trust fund who could easily be reached by mail. Notice by publication was inadequate "not because in fact it fails to reach everyone, but because ... it is not reasonably calculated to reach those who could easily be informed by other means at hand." *Id.* at 319, 70 S.Ct. at 660.

In *Mennonite* a mortgagor's failure to fulfill her obligation to pay taxes on a parcel of real property led to a tax sale of the property. Acting under Indiana statutory law, the county posted and published notice of the sale and mailed notice to the mortgagor by certified mail. The mortgagee did not receive notice, either from the county or from the mortgagor. The property was sold at auction and mortgagee did not learn of the sale until after the two-year redemption period had lapsed. When the buyer at the tax sale sued to quiet title to the property, the mortgagee unsuccessfully challenged the constitutionality of the notice provision of the tax sale statute. The Supreme Court, reversing the Indiana courts, noted that under Indiana law a mortgagee possesses a substantial property interest that is significantly affected by a tax sale. The Court concluded, due process mandates that a mortgagee receive "notice reasonably calculated to apprise him of a pending tax sale. When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." 462 U.S. at 799, 103 S.Ct. at 2711–12 (citation omitted).

 Under Indiana law, a vendee under a land contract has an equally substantial property interest. A contract vendee holds the equitable title to the property and is entitled to possession while the vendor merely holds legal title. *Kolley v. Harris* (1990), Ind.App., 553 N.E.2d 164; *Willsey v. Peoples Federal Savings and Loan Ass'n. of East Chicago* (1988), Ind.App., 529 N.E.2d 1199, *transfer denied.* Certainly, a vendee under a *recorded* land contract is entitled to the same protection accorded to the mortgagee in *Mennonite*, *i.e.*, the holder of a publicly recorded, legally protected property interest must be given notice of the pending tax sale in a form reasonably calculated to inform the holder of the sale. Thus, the Gainers, purchasers under a recorded contract of sale, were entitled to such notice. The undisputed evidence is that no such notice was attempted. Therefore, the tax sale and subsequent deed did not terminate the Gainers' interest in the subject real estate. Consequently, the judgment of the trial court as between the Gainers and Demmings must be reversed and the cause remanded for entry of a judgment that the Gainers have the right to redeem their interest in the subject real estate upon payment of the amounts required by IC 6–1.1–25–2.

Necessarily, the judgment for the Demmings and against the Gainers in the amount of $2,421.90, which "sum presents the amount of rents paid by a tenant living in the subject property from August 24, 1987 to the date of trial, less the cost of certain improvements made by the [Gainers], plus a tenant's deposit of $200.00" must be vacated inasmuch as the judgment is based upon the termination of the Gainers' interest in the real estate. Record at 91.

The judgment awarding damages to Demmings as against the Gainers and quieting title as against them is reversed and cause remanded with instructions to enter judgment that Gainers may redeem their interest in the subject real estate by complying with the provisions of IC 6–1.1–25–2 within the reasonable time determined by the trial court, in default of which title to the subject real estate shall be quieted in Demmings as against all parties; the judg-

ment of the trial court awarding Brown the balance due on the contract as against the Gainers is affirmed;[4] and the judgment quieting title in Demmings against the interests of Brown is affirmed.[5] Costs taxed one-half to Gainers and one-half to Demmings.

BUCHANAN and ROBERTSON, JJ., concur.

---

**4.** The Gainers also allege error in the trial court's judgment award for the unpaid balance of the land contract in favor of Brown on Brown's counterclaim against the Gainers. However, the asserted errors are predicated upon the tax sale terminating the Gainers interest in the 25th Street property; therefore, because the Gainers' interest in the real estate has not been terminated, they have no asserted errors to review.

**5.** Brown did not appeal this judgment.